**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@KRInternetLaw.com
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Moving Defendants and
Defendant Total Health Supply TUA, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

LEANNE TAN,

        Plaintiff,

    v.

QUICK BOX, LLC, et al.,

        Defendants.

Case No. 3:20-cv-01082-H-DEB

**DEFENDANT TOTAL HEALTH SUPPLY TUA, INC.'S AND MOVING DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FAC PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

Date:     March 1, 2021
Time:    10:30 a.m.
Before:  The Hon. Marilyn L. Huff
Ctrm.:   15A

**TOTAL HEALTH AND MOVING DEFS' NTC OF MTN AND MTN TO DISMISS; MPA**

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2  **PLEASE TAKE NOTICE** that on Monday, March 1, 2021, at 10:30 a.m., or

3  as soon thereafter as the matter may be heard, in the James M. Carter and Judith N.

4  Keep United States Courthouse, in Courtroom 15A, located at 333 West Broadway,

5  San Diego, CA 92101, Defendants Beautiful Skin and Health SL, Inc., Coastal Beauty

6  Care KV, Inc., Coastal Health & Body TML, Inc., Coastal Skin Care DC, Inc.,

7  Complete Beautiful Skin DT, Inc., Complete Dietary Health DT, Inc., Diet and

8  Beauty Enterprise JB, Inc., Dietary 8 Leaves TL, Inc., Dietary Care Group MK, Inc.,

9  Dietary Health Management SL, Inc., Dietary Health Supplements ADN, Inc.,

10  Dietary Health DL, Inc., Dietary Mind & Body AR, Inc., Dietary Pills TTH, Inc.,

11  Dietary Supplements 8 Leaves TL, Inc., Dietary Supplements NS, Inc., DL Group,

12  Inc., EM Strength & Wellness Products, Inc., EW Ideal Health Store, Inc., EW

13  Radiant Skin Store, Inc., Fit and Slim Body OLO, Inc., Fit Body Forever KZ, Inc.,

14  Fit Lifestyle Enterprise JD, Inc., Fitness & Health Supplements PKL, Inc., Flawless

15  Beauty Forever MC, Inc., Forever Beautiful Products KZ, Inc., Forever Beauty and

16  Balance JL, Inc., Health & Body Care TN, Inc., Health & Skin Nutrition JLN, Inc.,

17  Health & Wellness Products EM, Inc., Health and Diet Products ISA, Inc., Health and

18  Fitness Lifestyle JL, Inc., Health Enterprise AR, Inc., Health Enterprise LT, Inc.,

19  Health Skin and Beauty MAYA, Inc., Health Skin and Body JB, Inc., Healthy and

20  Slim TT, Inc., Healthy Beautiful Skin JD, Inc., Healthy Body & Balance CD, Inc.,

21  Healthy Fit Lifestyle DC, Inc., Healthy Leaves TL, Inc., Healthy Lifestyle Diet JL,

22  Inc., Healthy Skin Group TQH, Inc., Healthy Skin Lifestyle JB, Inc., Healthy

23  Supplements MAYA, Inc., Ideal Skin & Health Care NA, Inc., Lasting Fitness &

24  Beauty JLN, Inc., PKL Everlasting Beauty, Inc., Radiant Skin & Body Shop ATN,

25  Inc., Remarkable Beauty TN, Inc., Remarkable Health Supply PO, Inc., Skin and

26  Beauty NS, Inc., Skin Beauty & Health JN, Inc., Skin Beauty and Balance CD, Inc.,

27  Skin Beauty Products ISA, Inc., Skin Care Enterprise TTH, Inc., Skin Care Group

28  MK, Inc., Skin Products Rubio, Inc., Strength & Fitness Lifestyle LT, Inc., Total

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

Fitness & Health MC, Inc., and Vibrant Face & Beauty Shop ATN, Inc. ("Moving Defendants") and Defendant Total Health Supply TUA, Inc. will and hereby do move this Court to dismiss Plaintiff's First Amended Class Action Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as follows:

1.    The Court should dismiss Plaintiff's claims against the Moving Defendants for conspiracy to violate the Consumer Legal Remedies Act, Civ. Code §§1750, *et seq.* ("CLRA"); the Unfair Competition Law, Bus. & Prof. Code §17200 ("UCL"); and the False advertising Law, Bus. & Prof. Code §17500 ("FAL") because Plaintiff has not plausibly alleged that the Moving Defendants substantially assisted the deceptive sale of La Pura products to Plaintiff.

2.    The Court should dismiss Plaintiff's claims against the Moving Defendants for aiding and abetting violations of the CLRA, UCL, and FAL because Plaintiff has not plausibly alleged that the Moving Defendants were part of an unlawful conspiratorial agreement to deceptively sell La Pura products to Plaintiff.

3.    The Court should dismiss Plaintiff's claims against the Moving Defendants and Total Health Supply TUA, Inc. for violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961, *et seq.* ("RICO") because Plaintiff has not plausibly alleged an enterprise consisting of the Moving Defendants or Total Health Supply TUA, Inc. and Plaintiff has not plausibly alleged that the Moving Defendants engaged in any predicate criminal acts.

4.    The Court should dismiss all of Plaintiff's claims against the Moving Defendants and Total Health Supply TUA, Inc. to the extent they are based on an alter ego theory of liability because Plaintiff has alleged no facts supporting her alter ego allegations.

5.    The Court should dismiss Plaintiff's claim against the Moving Defendants and Total Health Supply TUA, Inc. for violating various state consumer protection laws because the Court already found that Plaintiff lacks standing to bring

2

**TOTAL HEALTH AND MOVING DEFS' NTC OF MTN AND MTN TO DISMISS; MPA**

1  this claim.

2        This motion is based on this notice of motion and motion, the supporting

3  memorandum of points and authorities, the pleadings and other papers on file in this

4  action, and any other evidence that may be offered at a hearing if necessary.

5

6  Respectfully Submitted,

7  DATED: January 21, 2021          **KRONENBERGER ROSENFELD, LLP**

8

9                                   s/Karl S. Kronenberger
                                     _____
10                                   Karl S. Kronenberger

11                                   Counsel for the Moving Defendants and
                                     Defendant Total Health Supply TUA, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

   A. Plaintiff's Purchase of and Complaints About La Pura ...............................2

   B. Plaintiff's Allegations About the Moving Defendants...............................2

ARGUMENT ......................................................................................................3

   A. Legal Standard..........................................................................................3

   B. Plaintiff has not stated a claim against the Moving Defendants for aiding and abetting violations of the CLRA, UCL, or FAL ..............................................5

   C. Plaintiff has not stated a claim against the Moving Defendants for conspiracy to violate the CLRA, UCL, or FAL .................................................................7

   D. Plaintiff has not stated a RICO claim against the Moving Defendants or Total Health ..........................................................................................................9

   E. Plaintiff has not adequately alleged alter ego liability against the Moving Defendants or Total Health ..........................................................................13

   F. As the Court previously found, Plaintiff does not have standing to assert claims under other states' consumer protection laws....................................14

CONCLUSION ..................................................................................................14

1

## TABLE OF AUTHORITIES

2

## Cases

3

*Ashcroft v. Iqbal*,
4    556 U.S. 662 (2009) ........................................................................... 4, 6

5    *Balistreri v. Pacifica Police Dep't*,
     901 F.2d 696 (9th Cir. 1990) .................................................................. 4

6    *Bell Atl. Corp. v. Twombly*,
7    550 U.S. 544 (2007) ................................................................................ 4

8    *Black v. Corvel Enter. Comp Inc.*,
     756 F. App'x 706 (9th Cir. 2018) ........................................................... 9

9    *Bryan v. City of Carlsbad*,
10   297 F. Supp. 3d 1107 (S.D. Cal. 2018) ................................................... 7

11   *Cedric Kushner Promotions, Ltd. v. King*,
     533 U.S. 158 (2001) .............................................................................. 10

12   *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990,
     751 F.3d 990 (9th Cir. 2014) ................................................................ 12

13   *ESG Capital Partners, LP v. Stratos*,
14   828 F.3d 1023 (9th Cir. 2016) ................................................................ 5

15   *Facebook, Inc. v. MaxBounty, Inc.*,
     274 F.R.D. 279 (N.D. Cal. 2011) ........................................................ 5, 7

16   *Gardner v. Starkist Co.*,
     418 F. Supp. 3d 443 (N.D. Cal. 2019) .................................................. 10

17   *Gerritsen v. Warner Bros. Entm't Inc.*,
     116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................................................ 13

18   *Godecke v. Kinetic Concepts, Inc.*,
19   937 F.3d 1201 (9th Cir. 2019) ................................................................ 4

20   *In re Arizona Theranos, Inc., Litig.*,
     256 F. Supp. 3d 1009 (D. Ariz. 2017) ................................................. 8, 9

21   *In re Century Aluminum Co. Sec. Litig.*,
     729 F.3d 1104 (9th Cir. 2013) ................................................................ 6

22   *In re Toyota Motor Corp.*,
23   785 F. Supp. 2d 883 (C.D. Cal. 2011) .................................................. 10

24   *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
     865 F. Supp. 2d 1002 (C.D. Cal. 2011) ................................................ 12

25   *Laborers' Local v. Intersil*,
     868 F. Supp. 2d 838 (N.D. Cal. 2012) .................................................... 5

26   *Lancaster Cmty. Hosp. v. Antelope Valley Hosp*. Dist.,
27   940 F.2d 397 (9th Cir. 1991) ................................................................ 12

28   *Lockary v. Kayfetz*,
     587 F. Supp. 631 (N.D. Cal. 1984) ......................................................... 7

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

*Mohebbi v. Khazen*,
  50 F. Supp. 3d 1234 (N.D. Cal. 2014) ................................................................ 10

*Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*,
  No. 17-CV-04992-BLF, 2019 WL 4888693 (N.D. Cal. Oct. 3, 2019) ................ 12

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................... 5

*Newton v. Am. Debt Servs., Inc.*,
  75 F. Supp. 3d 1048 (N.D. Cal. 2014) .................................................................. 5

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ............................................................................... 10

*Ovation Toys Co. v. Only Hearts Club*,
  675 F. App'x 721 (9th Cir. 2017) ........................................................................ 13

*Papasan v. Allain*,
  478 U.S. 265 (1986) ............................................................................................... 4

*Parino v. BidRack, Inc.*,
  838 F. Supp. 2d 900 (N.D. Cal. 2011) ........................................................... 7, 8, 9

*Ponomarenko v. Shapiro*,
  287 F. Supp. 3d 816 (N.D. Cal. 2018) .................................................................. 7

*Reynolds v. Binance Holdings Ltd.*,
  No. 20-CV-02117-JSC, 2020 WL 5074391 (N.D. Cal. Aug. 26, 2020) .............. 13

*Roberts v. C.R. England, Inc.*,
  318 F.R.D. 457 (D. Utah 2017) ........................................................................... 10

*Shaw v. Nissan N. Am., Inc.*,
  220 F. Supp. 3d 1046 (C.D. Cal. 2016) ............................................................... 12

*Toy v. TriWire Eng'g Sols., Inc.*, No. C 10-1929 SI,
  2010 WL 3448535 (N.D. Cal. Sept. 1, 2010) ........................................................ 5

*U.S. ex rel. Anita Silingo v. WellPoint, Inc.*,
  904 F.3d 667 (9th Cir. 2018) ................................................................................. 7

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,
  770 F.3d 834 (9th Cir. 2014) ................................................................................. 7

*United States v. Turkette*,
  452 U.S. 576 (1981) ............................................................................................. 10

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................... 4

**Statutes**

18 U.S.C. §1961 ....................................................................................................... 2
18 U.S.C. §1962 ..................................................................................................... 10
18 U.S.C. §1964 ..................................................................................................... 10
Bus. & Prof. Code §17200 ....................................................................................... 2

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Bus. & Prof. Code §17500 ........................................................................... 2
Civ. Code §1750 .......................................................................................... 2

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................. 4, 7
Fed. R. Civ. P. 12(b)(6) ........................................................................... 2, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff alleges that she visited a website that advertised a "free gift" of La Pura skincare products (*i.e.*, the website said that consumers only needed to pay for shipping). Plaintiff alleges that after she ordered her free gift, she was enrolled in a subscription program without her knowledge or consent. Plaintiff alleges that Defendant Total Health Supply TUA, Inc. ("Total Health") charged Plaintiff $172.83 before she cancelled the subscription.

Based on these contentions, Plaintiff asserts claims against the Moving Defendants and Total Health for: 1) aiding and abetting violations of the CLRA, UCL, and FAL; 2) conspiring to violate the CLRA, UCL, and FAL; and 3) violating RICO. To support these claims, Plaintiff alleges: a) that the Moving Defendants are shell companies; b) that unknown John Doe Defendants use the Moving Defendants as part of a conspiracy to defraud consumers; and c) the Moving Defendants operate "false front" websites, which the Moving Defendants use to obtain merchant accounts to spread out transactions for La Pura products in order to reduce chargeback levels.

The problem with Plaintiff's claims is that they lack factual support. When one strips away Plaintiff's conclusory conspiracy allegations and unsupported claims of false front websites, one is left with very few facts about the Moving Defendants—*i.e.*, one is left only with the allegation that the Moving Defendants operate apparently lawful websites that offer cosmetic products for sale.

Because Plaintiff has not plausibly alleged that the Moving Defendants conspired to violate the CLRA, UCL, or FAL, aided and abetted violations of these statutes, or directly violated these statutes, the Court should dismiss these claims as to the Moving Defendants. Moreover, because Plaintiff has not plausibly alleged that the Moving Defendants or Total Health formed an enterprise or engaged in racketeering activity, the Court should dismiss the RICO claim as to the Moving Defendants and Total Health. Finally, the Court should dismiss all of Plaintiff's

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

claims against the Moving Defendants and Total Health to the extent they are based on an alter ego theory of liability.

## BACKGROUND

### A.    Plaintiff's Purchase of and Complaints About La Pura

Plaintiff alleges that on January 10, 2020, she received a "fake text message purportedly from Amazon." (FAC ¶110.) Plaintiff alleges that the text message directed her to an online survey and stated that if she completed the survey she would receive a La Pura skincare product as a "free gift." (FAC ¶110.) Plaintiff alleges that "[t]he advertisement did not disclose the recurring monthly payments which the defendants intended to charge her." (FAC ¶110.) Plaintiff alleges that she "completed the survey and clicked on the advertisement to receive the gift." (FAC ¶111.)

Plaintiff alleges that on January 26, 2020, Total Health billed Plaintiff's credit card $88.46 from a merchant account titled "beautifullyremarkableh." (FAC ¶¶116, 160.) Plaintiff alleges that on January 27, 2020, Total Health again billed her credit card, this time for $84.37 using a merchant account titled "beautyhealthremarkable." (FAC ¶¶117, 161.) Plaintiff does not allege that any Moving Defendant charged her credit card, sold her any La Pura or other cosmetic product, or shipped any such product to her.[1] Plaintiff received a refund of $120.97. (FAC ¶119.)

### B.    Plaintiff's Allegations About the Moving Defendants

Plaintiff alleges that the Moving Defendants are "shell companies," which were created by one or more John Doe Defendants. (FAC ¶371.) Plaintiff alleges that the Moving Defendants operate "false front" websites to apply for merchant accounts. (FAC ¶208.) Plaintiff alleges that the Moving Defendants pool their merchant accounts and spread consumer purchases across the accounts to reduce chargeback

---

[1] Plaintiff also alleges that Defendant DL Group, Inc. placed a charge on Plaintiff's credit card using the merchant account "skincarehealthybeautygroup." However, Plaintiff does not identify the amount or date of this charge or the product associated with it. (*compare* FAC ¶¶116–119 *with* ¶162.)

2

TOTAL HEALTH AND MOVING DEFS' NTC
OF MTN AND MTN TO DISMISS; MPA

1  levels. (FAC ¶¶218, 373.)

2      Plaintiff has alleged the following facts to support these claims:

3  1.  Each Moving Defendant operates one or more websites where it offers
4      cosmetic products for sale. (FAC ¶¶208, 212, Ex. 2.)

5  2.  All of the Moving Defendants' websites "appear legitimate, with clear
6      disclosures of terms of a subscription in their shopping carts." (FAC ¶¶208,
7      212, Ex. 2.)

8  3.  All of the Moving Defendants used the same registered agent to conduct their
9      filings, who made corporate filings during the same month. (FAC ¶219.)

10      While the FAC includes other allegations about the Moving Defendants, they
11  are conclusory and not supported by any facts. As examples:

12  1.  Plaintiff alleges that the Moving Defendants' websites did not actually sell the
13      products listed. (FAC ¶417.) However, Plaintiff provides no facts supporting
14      this claim.

15  2.  Plaintiff alleges that each Moving Defendant had "fake executives and
16      owners," but again provides no facts supporting this claim. (FAC ¶417.)

17  3.  Plaintiff alleges that the Moving Defendants operate two deceptive La Pura
18      sales webpages, but provides no facts supporting this claim. (FAC ¶207.)

19  4.  Plaintiff alleges that the Moving Defendants pooled their merchant accounts to
20      reduce chargeback levels for La Pura products, but provides no facts supporting
21      this claim. (FAC ¶417.)

22      Plaintiff also alleges that all of the Moving Defendants are alter egos of each
23  other and of the La Pura John Doe Defendants. (FAC ¶¶219, 371.) Plaintiff refers to
24  some of the relevant factors for pleading alter ego liability but does not allege any
25  non-conclusory facts to support her alter ego claim. (FAC ¶¶219, 371.)

26  **ARGUMENT**

27  **A.**  **Legal Standard**

28      "A Rule 12(b)(6) dismissal can be based on the lack of a cognizable legal

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (internal quotations omitted)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, a claim must be "plausible on its face," meaning that the claimant must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Moreover, claims sounding in fraud or mistake are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) requires the plaintiff to state with particularity the circumstances constituting the fraud or mistake. "When an entire complaint, or an entire claim within a complaint, is grounded in fraud, and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

As explained herein, Plaintiff has not plausibly alleged a claim for: 1) aiding and abetting violations of the CLRA, UCL, or FAL against the Moving Defendants; 2) conspiracy to violate the CLRA, UCL, or FAL against the Moving Defendants; 3) violations of RICO against the Moving Defendants or Total Health; or 4) alter ego liability against the Moving Defendants or Total Health.

4

**TOTAL HEALTH AND MOVING DEFS' NTC OF MTN AND MTN TO DISMISS; MPA**

**B.**     **Plaintiff has not stated a claim against the Moving Defendants for aiding and abetting violations of the CLRA, UCL, or FAL.**

To state a claim for aiding and abetting a violation of the CLRA, UCL, or FAL, a plaintiff must show that the defendant knowingly: (1) substantially assisted or encouraged another to breach a duty, or (2) substantially assisted another's tort through an independently tortious act. *See ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1039 (9th Cir. 2016); *see also Newton v. Am. Debt Servs., Inc.*, 75 F. Supp. 3d 1048, 1064 (N.D. Cal. 2014) (recognizing claim for aiding and abetting violation of the UCL); *but see Toy v. TriWire Eng'g Sols., Inc.*, No. C 10-1929 SI, 2010 WL 3448535, at *3 (N.D. Cal. Sept. 1, 2010) ("In the absence of any authority supporting plaintiff's aiding and abetting theory, the Court concludes that the UCL does not provide for such liability.").

Substantial assistance requires that the defendant's actions be a "substantial factor" in causing the plaintiff's injury. *See Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 285 (N.D. Cal. 2011). In other words, the plaintiff must prove a substantial causal connection between the culpable conduct of the alleged aider and abettor and the harm to the plaintiff. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1135 (C.D. Cal. 2003). Conclusory allegations are insufficient to satisfy the "substantial factor" test on a motion to dismiss. *See Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 285 (N.D. Cal. 2011) (Facebook's conclusory claims that defendant knew its affiliates were creating misleading Facebook pages and abetted the activity by providing technical support, suggestions, and financial incentives were conclusory allegations that lacked factual support); *see, e.g.*, *Laborers' Local v. Intersil*, 868 F. Supp. 2d 838 (N.D. Cal. 2012) (shareholder failed to allege any particular act that defendant took to aid or abet a breach of fiduciary duty by corporation's board of directors; shareholder only made conclusory allegations that defendant rendered substantial assistance). In the same vein, "[w]hen faced with two possible explanations, only one of which can be true and only one of

5

which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff has not alleged any non-conclusory facts indicating that the Moving Defendants provided substantial assistance in the sale of La Pura products to Plaintiff. The only non-conclusory facts about the Moving Defendants are: a) they operate websites, which offer different cosmetic products for sale, and which appear legitimate, with clear disclosures of terms of a subscription in their shopping carts; and b) the Moving Defendants used the same registered agent to make their corporate filings during the same timeframe. (FAC ¶¶212, 219.) While Plaintiff alleges that the Moving Defendants engaged in a scheme to pool numerous merchant accounts to spread out La Pura transactions and thereby reduce chargeback levels, they have included no facts to support this claim. Similarly, while Plaintiff alleges that the Moving Defendants did not actually sell the products on their websites or engage in legitimate business, Plaintiff has provided no facts that support this claim.

When Plaintiff's conclusory allegations are disregarded, Plaintiff has, at most, alleged facts that are consistent with their favored explanation. However, such facts are also entirely consistent with an alternative explanation—*i.e.*, the Moving Defendants operate legitimate websites that sell the advertised products with clear disclosures.

Because Plaintiff has not alleged a substantial causal connection between the Moving Defendants and Plaintiff's harm, her claims for aiding and abetting violations of the CLRA, UCL, and FAL fail. And because Plaintiff has not alleged that the Moving Defendants directly violated the CLRA, UCL, or FAL, the Court should dismiss the entirety of these claims as to the Moving Defendants regardless of the theory of liability.

//

6

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**C.** **Plaintiff has not stated a claim against the Moving Defendants for conspiracy to violate the CLRA, UCL, or FAL.**

To state a claim for conspiracy to violate the CLRA, UCL, or FAL, a plaintiff must allege: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. *See Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 831 (N.D. Cal. 2018). In turn, the first element itself has three subparts: (a) knowledge of the wrongful activity, (b) agreement to join in the wrongful activity, and (c) intent to aid in the wrongful activity. *See id.*

Formulaic recitations and conclusory statements will not suffice to allege a conspiracy plausibly. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 842 (9th Cir. 2014). While the parallel actions of co-conspirators can be raised using collective allegations, *see U.S. ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 678 (9th Cir. 2018), a complaint must still define the scope of the conspiracy, explain the role the conspirators had, and identify when and how the conspiracy operated. *See Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1118 (S.D. Cal. 2018). Moreover, a claim based on a conspiracy to commit fraud must satisfy the particularity requirement of Rule 9(b). *See Facebook, Inc. v. MaxBounty, Inc.*, 274 F.R.D. 279, 286 (N.D. Cal. 2011). Finally, to plead a conspiracy, a plaintiff must allege facts that, taken together, raise a suggestion of an unlawful conspiratorial agreement; facts that could just as well be explained by non-actionable conduct are not enough. *See Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1118 (S.D. Cal. 2018); *see also Lockary v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) ("Allegations of conspiracies must be supported by material facts, not merely conclusory statements.").

As an example of insufficient conspiracy pleading, in *Parino v. BidRack, Inc.*, 838 F. Supp. 2d 900 (N.D. Cal. 2011), the plaintiff alleged that the defendant BidRack, a "penny auction" website, lured users to purchase "bid packs" via "a series

7

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

of sponsored advertisements and fake news stories"; these ads "overtly misrepresent[ed] the services and products offered by BidRack," including by emphasizing that "registration [was] 'completely FREE!'" *Id.* at 903. "Despite her belief that registration with the website was free, plaintiff was charged $99 for a 'bid pack' after entering her billing information." *Id.* at 904. The plaintiff commenced a class action against BidRack and a John Doe Defendant, whom Plaintiff alleged was an "online advertising network that directly participates in the acts and practices alleged." *Id.* at 904, 907. In support of her conspiracy allegation, plaintiff alleged that the defendants had formed contracts with each other, created deceptive marketing materials and websites with each other knowing they were deceptive, and formed a mutually beneficial network to mislead consumers into submitting credit card numbers. *See id.* at 907. The court found the conspiracy allegations deficient, noting that the complaint failed to sufficiently allege the existence of an agreement between the defendants and failed to give the defendants notice of the specific fraudulent conduct. *See id.*

In *In re Arizona Theranos, Inc., Litig.*, 256 F. Supp. 3d 1009 (D. Ariz. 2017), the plaintiffs alleged that the developer of a blood analysis device and the operator of a chain of pharmacies that had invested in the developer conspired to provide blood tests to consumers knowing that the results would be unreliable and as part of a scheme to obtain blood samples without consumers' informed consent. *See id.* at 1020–21. The court found the plaintiffs' conspiracy allegations insufficient. *See id.* at 1037–38. More specifically, the court found that the plaintiffs had failed to plausibly allege a tacit agreement to commit fraud where the facts regarding coordination between defendants was not strong circumstantial proof of a tacit agreement, where there was an express agreement that defined a lawful relationship, and where it was implausible that the operator and developer would enter into express agreement for a legitimate purpose and then would reach a tacit understanding to commit fraud. *See id.* at 1038.

8

The situation here is similar, particularly to the facts in *Parino*. Plaintiff has conclusorily alleged that the Moving Defendants are shell companies; that they operate false front websites for products they do not actually sell; that they use their false front websites to obtain merchant accounts; that they use their merchant accounts to distribute consumer charges to reduce chargeback levels; and that they hide their identities, use each other's services as a single unit, and do not engage in legitimate business. (FAC ¶417.) However, Plaintiff offers no facts to support these claims. Rather, the only non-conclusory facts that Plaintiff offers to support her conspiracy claims are:

1. The Moving Defendants operate websites where they offer cosmetic products for sale. (FAC ¶¶208, 212, Ex. 2.)

2. The Moving Defendants' websites "appear legitimate, with clear disclosures of terms of a subscription in their shopping carts." (FAC ¶¶208, 212, Ex. 2.)

3. The Moving Defendants used the same registered agent to make their corporate filings, who made the filings during the same month. (FAC ¶219.)

Because these facts could just as well be explained by lawful conduct of the Moving Defendants, they fall short of pleading a claim for conspiracy to violate the CLRA, UCL, or FAL. And because Plaintiff has not alleged that the Moving Defendants directly violated the CLRA, UCL, or FAL, the Court should dismiss these claims as to the Moving Defendants regardless of the theory of liability.

**D.    Plaintiff has not stated a RICO claim against the Moving Defendants or Total Health.**

To maintain a civil RICO claim, a plaintiff must allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Black v. Corvel Enter. Comp Inc*., 756 F. App'x 706, 708 (9th Cir. 2018) (citing 18 U.S.C. §§1962(c), 1964(c)). Plaintiff alleges that the Moving Defendants, Total Health, and the "La Pura John Doe Defendants," violated

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

1   RICO by forming the "La Pura Enterprise" and engaging in racketeering activity.

2   (FAC ¶813.) Plaintiff also alleges that the Moving Defendants, Total Health, and all

3   of the other known and unknown Defendants violated RICO by forming the "Overall

4   Enterprise" and engaging in racketeering activity. (FAC ¶840.) Plaintiff fails to state

5   a plausible RICO claim.

6       <u>Failure to Allege Plausible Enterprise</u>: To adequately plead an associated-in-

7   fact RICO enterprise, a plaintiff must: (1) "describe a group of persons associated

8   together for a common purpose of engaging in a course of conduct," (2) provide

9   "evidence of an ongoing organization, formal or informal," and (3) provide "evidence

10  that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*,

11  486 F.3d 541, 549 (9th Cir. 2007) (*quoting United States v. Turkette*, 452 U.S. 576,

12  583 (1981)). To that end, a plaintiff must allege facts showing the enterprise has an

13  organizational, decision-making structure, and that the organization acts as a

14  continuing unit through the coordinated nature of the defendants' activity. *See*

15  *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1254 (N.D. Cal. 2014). "Simply

16  characterizing routine commercial dealing as a RICO enterprise is not enough."

17  *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 461 (N.D. Cal. 2019).

18      Moreover, an enterprise cannot simply consist of the same person referred to

19  by different names. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161

20  (2001). Thus, where the members of an alleged enterprise are also alleged to be alter

21  egos or affiliated businesses, no RICO enterprise can exist. *See, e.g.*, *Roberts v. C.R.*

22  *England, Inc.*, 318 F.R.D. 457, 489–90 (D. Utah 2017) ("Assuming the truth of

23  Plaintiffs' allegations, England and Horizon are alter egos of one another. . . . And

24  because Plaintiffs cannot prove distinctness under the facts alleged in their Third

25  Amended Complaint, Defendants are entitled to judgment as a matter of law."); *In re*

26  *Toyota Motor Corp.*, 785 F. Supp. 2d 883, 922 (C.D. Cal. 2011) (plaintiffs failed to

27  satisfy the distinctness requirement when they alleged the corporate family of Toyota

28  defendants constituted both the "persons" and the "enterprise").

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Plaintiff's enterprise allegations against the Moving Defendants and Total Health fail for two reasons. First, if one disregards Plaintiff's conclusory allegations, the only fact alleged about how the Moving Defendants and Total Health functioned as a single unit is that these Defendants used the same registered agent, who made corporate filings during the same month. (FAC ¶219.)

While Plaintiff makes the following claims in support of her enterprise theory, she provides no facts to support the claims:

1. Plaintiff claims that the Moving Defendants created "false front" websites to apply for merchant accounts in order to spread out chargebacks for La Pura products. However, Plaintiff alleges no facts to support this claim as to the Moving Defendants. (FAC ¶816.) While Plaintiff identifies different websites operated by different Moving Defendants, she fails to offer any facts indicating these are not legitimate websites.

2. While Plaintiff alleges that the Moving Defendants transferred money from the sale of La Pura products to John Doe Defendants without regard to the Moving Defendants' legal existence, she provides no facts to support this claim. (FAC ¶816.)

3. While Plaintiff alleges that John Does used forged paperwork to control the Moving Defendants, she provides no facts to support this claim. (FAC ¶816.)

4. While Plaintiff alleges that the Moving Defendants used Konnektive software to distribute charges across multiple merchant accounts (FAC ¶218), the only fact offered to support this claim is that the La Pura sales webpages called to the Konnektive website and ran a script to initiate a load balancer. (FAC ¶302.) However, Plaintiff has not alleged any facts connecting the Moving Defendants to the La Pura sales webpages or to Konnektive.

Thus, Plaintiff has not alleged facts that demonstrate anything more than routine

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1   commercial operations by the Moving Defendants.

2       Second, Plaintiff has alleged that the Moving Defendants and Total Health are

3   alter egos of each other and of the La Pura John Doe Defendants. (FAC ¶219.)

4   Accepting Plaintiff's alter ego allegations as true, the Moving Defendants, Total

5   Health, and the La Pura John Doe Defendants are one person and cannot form an

6   enterprise under RICO.

7       <u>Failure to Allege Predicate Criminal Acts</u>: "'Racketeering activity, the fourth

8   element, requires predicate acts,' often – as here – mail and wire fraud." *Monterey*

9   *Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2019

10  WL 4888693, at *12 (N.D. Cal. Oct. 3, 2019) (quoting *Eclectic Properties E., LLC v.*

11  *Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). "Where, as here, the

12  racketeering activity alleged is fraud, . . . the heightened pleading requirements of

13  Rule 9(b) apply to the predicate acts." *Shaw v. Nissan N. Am., Inc.*, 220 F. Supp. 3d

14  1046, 1053 (C.D. Cal. 2016). "In the RICO context, a Plaintiff must 'detail with

15  particularity the time, place, and manner of each act of fraud, plus the role of each

16  defendant in each scheme.'" *Shaw*, 220 F. Supp. 3d at 1053 (citing *Lancaster Cmty.*

17  *Hosp. v. Antelope Valley Hosp.* Dist., 940 F.2d 397, 405 (9th Cir. 1991)).

18  "Where RICO is asserted against multiple defendants, a plaintiff must allege at least

19  two predicate acts by *each* defendant." *See In re WellPoint, Inc. Out-of-Network UCR*

20  *Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis in original). And

21  when a business engages in transactions that are facially legitimate "a significant level

22  of factual specificity is required to allow a court to infer reasonably that such conduct

23  is plausibly part of a fraudulent scheme." *Eclectic Properties*, 751 F.3d at 997–98.

24      Here, Plaintiff has not alleged any facts that any Moving Defendant engaged

25  in any conduct beyond facially legitimate transactions. More specifically Plaintiff has

26  alleged only that the Moving Defendants operate websites where they offer cosmetic

27  products for sale, and that those websites "appear legitimate, with clear disclosures

28  of terms of a subscription in their shopping carts." (FAC ¶¶208, 212, Ex. 2.) Plaintiff

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

has not alleged any facts indicating that the Moving Defendants knowingly participated in a scheme to defraud consumers by misrepresenting the sales terms for La Pura products.

In summary, Plaintiff has not plausibly alleged the La Pura Enterprise or the Overall Enterprise and has not plausibly alleged racketeering activity by the Moving Defendants or Total Health. Thus, the Court should dismiss the RICO claim as to the Moving Defendants and Total Health.

## E.   Plaintiff has not adequately alleged alter ego liability against the Moving Defendants or Total Health.

Plaintiff seeks to hold the Moving Defendants and Total Health liable under an alter ego theory. However, Plaintiff has not alleged sufficient facts to support that theory.

Before the alter ego doctrine can be invoked, two elements must be alleged: First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. *See Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015). Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone. *See id.* Conclusory allegations of "alter ego" status are insufficient to state a claim; rather, a plaintiff must allege specific facts supporting both of the necessary elements. *See Gerritsen*, 116 F. Supp. 3d at 1136. A plaintiff's factual allegations supporting alter ego liability must be enough to raise a right to relief above the speculative level. *See Reynolds v. Binance Holdings Ltd.*, No. 20-CV-02117-JSC, 2020 WL 5074391, at *4 (N.D. Cal. Aug. 26, 2020). Additionally, a plaintiff must explain how the factual allegations are applicable to the alter ego analysis. *See id.*; *see also Ovation Toys Co. v. Only Hearts Club*, 675 F. App'x 721, 724 (9th Cir. 2017) (toy manufacturer seeking payment failed to allege sufficient facts to establish alter ego liability where unity of interest and

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

ownership of the businesses were stated in wholly conclusory terms with little or no supporting facts).

Here, Plaintiff's alter ego allegations about the Moving Defendants and Total Health are entirely conclusory. (FAC ¶219.) While Plaintiff's allegations track the alter-ego elements set forth in the relevant authority, they include no factual detail supporting these elements. Thus, the Court should dismiss all claims against the Moving Defendants and Total Health to the extent they are based on an alter ego theory of liability.

**F.     As the Court previously found, Plaintiff does not have standing to assert claims under other states' consumer protection laws.**

The Court previously dismissed Plaintiff's cause of action brought under various states' consumer protection laws. Plaintiff included the same cause of action in her FAC, noting that she included it "as originally pled solely to preserve its [sic] rights to appeal and avoid waiver." (FAC n.157.) For the same reasons set forth in the Court's December 8, 2020 order, [D.E. No. 88], the Court should dismiss this cause of action as to the Moving Defendants and Total Health.

## CONCLUSION

For all of the reasons set forth above, the Court should dismiss the FAC as to the Moving Defendants. And because Plaintiff cannot cure the deficiencies in the FAC, the Court should dismiss the FAC with prejudice.

Respectfully Submitted,

DATED: January 21, 2021           **KRONENBERGER ROSENFELD, LLP**


                                  _____s/Karl S. Kronenberger_____
                                       Karl S. Kronenberger

                                  Counsel for the Moving Defendants and
                                  Defendant Total Health Supply TUA, Inc.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108