# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN, an individual, on behalf of herself and all persons similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>  Defendants. | Case No.: 3:20-cv-01082-H-DEB<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS STEPHEN ADELÉ, CHAD BIGGINS, AND JAMES MARTELL'S RULE 11 MOTION FOR SANCTIONS**<br><br>**(2) DENYING DEFENDANT QUICK BOX, LLC'S RULE 11 MOTION FOR SANCTIONS**<br><br>**(3) DENYING DEFENDANTS KATHRYN MARTORANO AND MATTHEW MARTORANO'S RULE 11 MOTION FOR SANCTIONS; AND**<br><br>**(4) DENYING PLAINTIFF'S MOTION TO SUBMIT MATERIALS FOR IN CAMERA REVIEW AS MOOT**<br><br>[Doc. Nos. 109, 110, 111, 114.] |

On January 7, 2021, Plaintiff filed her first amended complaint ("FAC"). (Doc. No. 89.) On March 10, 2021: (1) Defendants Stephen Adelé, Chad Biggins, and James Martell filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, (Doc. No. 109), (2) Defendant Quick Box, LLC filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, (Doc. No. 110), and (3) Defendants Kathryn Martorano and Matthew Martorano filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, (Doc. No. 111).[1] On March 17, 2021, Plaintiff filed a motion to submit materials for in camera review in connection with the Defendants' motions for sanctions. (Doc. No. 114.) A hearing on the Defendants' motions is currently scheduled for April 12, 2021 at 10:30 a.m. A hearing on Plaintiff's motion is currently scheduled for April 16, 2021 at 10:30 a.m. The Court, pursuant to its discretion under the Local Rule 7.1(d)(1), determines the matters are appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearings.

The Court has reviewed the Defendants' motions for Rule 11 sanctions and concludes Defendants have not met their burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Court notes that Defendants primarily seek sanctions on the basis that the FAC purportedly contains allegations that are factually baseless or false. But motions for sanctions are not the appropriate vehicle to resolve factual issues or to test the legal or factual sufficiency of a party's claim. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) ("The imposition of a Rule 11 sanction is not a judgment on the merits of an action."); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("Rule 11 motions . . . should

---

[1] The Court notes that Defendant Quick Box, LLC, and Defendants Adelé, Biggins, and Martell filed two separate Rule 11 motions, and that the combined motions exceed 25 pages. This is a clear violation of the Court's express mandate in its December 12, 2020 Order, which applied the Local Rules' page limits to each group of Defendants, i.e., the Quick Box Defendants, for any future motions in this action, absent further order of the Court. (Doc. No. 88 at 62 n.24.) The Court imposed this requirement to avoid the kind of redundant briefing it now has before it and reminds Defendants to abide by this requirement for future filings before this Court.

not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."). The Court reminds Defendants that by the very nature of a lawsuit, allegations are made in a complaint. Whether the allegations are true or not is revealed through discovery and ultimately is decided by the factfinder.

The Court thus denies Defendants Stephen Adelé, Chad Biggins, James Martell, Quick Box LLC, Kathryn Martorano, and Matthew Martorano's Rule 11 motions without prejudice. In light of this ruling, the Court denies without prejudice Plaintiff's motion to submit materials for in camera review in connection with the Defendants' motions for sanctions as moot.

**IT IS SO ORDERED.**

DATED: March 22, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT