**KNEUPPER & COVEY, PC**
Kevin Kneupper, Esq. (CA SBN 325413)
kevin@kneuppercovey.com
A. Cyclone Covey, Esq. (CA SBN 335957)
cyclone@kneuppercovey.com
17011 Beach Blvd., Ste 900
Huntington Beach, CA 92647-5998
Tel: (512) 420-8407

*Attorneys for Plaintiff LeAnne Tan
And the putative Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, *et al.*,<br><br>Defendants. | Case No.: 3:20-cv-01082-H-WVG<br><br>**PLAINTIFF'S OPPOSITION TO KONNEKTIVE DEFENDANTS' REQUEST FOR SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS PLAINTIFF LEANNE TAN'S FIRST AMENDED COMPLAINT [DKT. NO. 128]**<br><br>[Declaration of Kevin M. Kneupper filed concurrently herewith]<br>**Date:** April 5, 2021<br>**Time:** 10:30 a.m.<br>**Ctrm:** 15A (15th Floor)<br>**Judge:** Hon. Marilyn L. Huff<br><br>Complaint Filed: June 12, 2020 |

## I. ARGUMENT

The Konnektive Defendants request another round of briefing based on two issues: one which is based on long-existing authority which they chose not to raise in two prior rounds of motions, the other which is an attempt to cite Texas law as to California law claims. Such briefing would prejudice the Plaintiff, not only through undue delay of the proceedings, but through forcing a rehash of issues that have already been briefed in a case that has seen more than its share of repetitive briefing already.

As to the first issue, the UCL and vicarious liability, the FAC's pleadings are more than adequate under the *Emery* standard as applied by other California courts and District Courts in this Circuit. *See, e.g., Schulz v. Neovi Data Corp.,* 152 Cal. App. 4th 86, 60 Cal. Rptr. 3d 810 (2007); *Barrett v. Apple Inc.*, No. 5:20-cv-04812-EJD, 2021 U.S. Dist. LEXIS 41012 (N.D. Cal. Mar. 4, 2021); *Shay v. Apple Inc.*, No. 20cv1629-GPC(BLM), 2021 U.S. Dist. LEXIS 4033 (S.D. Cal. Jan. 8, 2021); *In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 19-md-02913-WHO, 2020 U.S. Dist. LEXIS 197766 (N.D. Cal. Oct. 23, 2020); *Adams v. Target Corp.*, No. CV 13-5944-GHK (PJWx), 2014 U.S. Dist. LEXIS 151154 at *13-14 (C.D. Cal. Mar. 3, 2014). As is clear from these cases, Defendants are functionally requesting a "do-over" of the entire briefing because it would mean re-analyzing the facts as to the level of control, involvement, and knowledge.

Indeed, much of the purpose for this request appears to be an effort to correct Defendants' prior failure to challenge direct liability on the UCL claims at all. "[I]n providing supplemental case authority or other supplemental briefing, the filings must demonstrate that the information intended for consideration was newly obtained or otherwise unavailable at the time of the original filing." *Mintz v. Dietz & Watson, Inc.*, No. 05-CV-1470-L(CAB), 2009 U.S. Dist. LEXIS 96402 at *11 n.3 (S.D. Cal. Oct. 19, 2009). None of the three cases Defendants cite meet this requirement, as they were all issued long prior to the filing of the motion to dismiss. *Id.* ("The cases were filed in 2000, 2006 and 2008 and therefore, cannot be considered 'new' case law."). One of the cases Defendants cite, *People v. Toomey*, 157 Cal. App. 3d 1, 203 Cal. Rptr. 642 (1984), has actually been

specifically cited by Plaintiff to this Court previously in response to Konnektive's earlier briefing, so the Konnektive Defendants were certainly aware of it (and this standard) prior to their latest motion to dismiss. *See, e.g.,* Dkt. 50 at 19.

As to the out-of-Circuit case the Konnektive Defendants wish to submit briefing on, *A.B. v. Salesforce.com, Inc.*, No. 4:20-cv-01254, at *8-11 (S.D. Tex. March 23, 2021), it is entirely inapposite because it is based on Texas law and Texas underlying causes of action, not California law or California causes of action. It further appears to be an attempt to again rehash the briefing on the various issues relating to the load balancer here, which have been thoroughly briefed already.

Defendants' change in counsel likewise does not warrant permitting a re-do of the briefing. Gordon & Rees, the firm which they have switched to, has in fact already been representing the Konnektive Defendants on this case, despite not having made an appearance on their behalf. Quick Box's attorney, Damon Wright, spoke to Plaintiff's counsel on November 6, 2020, **without any other attorneys on the phone**, and made threats of Rule 11 sanctions on behalf of several of the Konnektive Defendants. Decl. of K. Kneupper at 2. He followed this up with an e-mail on November 10, 2020, demanding that several of the Konnektive Defendants be dropped from the case, copying a number of Gordon and Rees lawyers **without including anyone from the Tyz Law Group**. Ex. 1; Decl. of K. Kneupper at 2. It is clear even from reviewing the filings (and the quite unusual strategy of filing eleven separate 12(b)(6) motions) that the Quick Box Defendants and the Konnektive Defendants have been closely coordinating. The "new counsel" are simply additional lawyers from a firm that already represented Konnektive in this lawsuit at the time of the motion to dismiss and has previously represented them in other matters as well. *See Transact Fast, LLC v. Konnektive, LLC Et Al,* S.D. Fla. No. 1:19-cv-23927 filed on Sept. 20, 2019; *Konnektive Corporation Et Al v. Connective Talent Corp. Et Al*, S.D. Tex. No. 4:20-cv-1463 filed on April 24, 2020.

To allow new briefing merely because Defendants nominally switched counsel to a law firm that had already been representing them in the background would prejudice

Plaintiff. It would violate Rule 12(g)(2), because these arguments could have been previously raised. *In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174-76 (S.D. Cal. 2017) ("Indeed, in a case as broad as this, where there are many claims and many potential arguments to be made, to refuse to enforce Rule 12(g)(2)'s clear command on such a foundational argument as the one Defendants here urge (i.e., over two years of alleged conspiratorial reach which Defendants' prior dismissal motion did not previously directly address) would set a dangerous precedent regarding the ability to continually hamstring a plaintiff with wave after wave of motions to dismiss."). Plaintiff has already faced three waves of often repetitive motions in which three sets of attorneys have thrown everything and the kitchen sink, including personal threats of sanctions. She should not face a fourth.

## II. CONCLUSION

The Court should deny Defendants' Request for Supplemental Briefing on Motion to Dismiss Plaintiff's First Amended Complaint.

Dated this 31st day of March, 2021

        /s/ Kevin Kneupper /s/
        Kevin Kneupper
        Attorney for Plaintiff