UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN, an individual, on behalf of herself and all persons similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>                                    Defendants. | Case No.: 3:20-cv-01082-H-DEB<br><br>**ORDER:**<br><br>**(1) SUBMITTING MOTION TO DISMISS AND VACATING HEARING; AND**<br><br>**(2) DENYING IN PART AND GRANTING IN PART THE LA PURA DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 151.] |

On April 21, 2021, Defendants Konnektive LLC, Konnektive Corporation, Konnektive Rewards, LLC, Matthew Martorano, and Kathryn Martorano (collectively, the "Konnektive Defendants") each filed crossclaims against Defendants Beautiful Skin and Health SL, Inc., Coastal Beauty Care KV, Inc., Coastal Health & Body TML, Inc., Coastal Skin Care DC, Inc., Complete Beautiful Skin DT, Inc., Complete Dietary Health DT, Inc., DL Group, Inc., Diet and Beauty Enterprise JB, Inc., Dietary 8 Leaves TL, Inc., Dietary Care Group MK, Inc., Dietary Health DL, Inc., Dietary Health Management SL, Inc., Dietary Health Supplements ADN, Inc., Dietary Mind & Body AR, Inc., Dietary Pills TTH,

Inc., Dietary Supplements 8 Leaves TL, Inc., Dietary Supplements NS, Inc., EM Strength & Wellness Products, Inc., EW Ideal Health Store, Inc., EW Radiant Skin Store, Inc., Fit Body Forever KZ, Inc., Fit Lifestyle Enterprise JD, Inc., Fit and Slim Body Olo, Inc., Fitness & Health Supplements PKL, Inc., Flawless Beauty Forever MC, Inc., Forever Beautiful Products KZ, Inc., Forever Beauty and Balance JL, Inc., Health & Body Care TN, Inc., Health & Skin Nutrition JLN, Inc., Health & Wellness Products EM, Inc., Health Enterprise AR, Inc., Health Enterprise LT, Inc., Health Skin and Beauty MAYA, Inc., Health Skin and Body JB, Inc., Health and Diet Products ISA, Inc., Health and Fitness Lifestyle JL, Inc., Healthy Beautiful Skin JD, Inc., Healthy Body & Balance CD, Inc., Healthy Fit Lifestyle DC, Inc., Healthy Leaves TL, Inc., Healthy Lifestyle Diet JL, Inc., Healthy Skin Group TQH, Inc., Healthy Skin Lifestyle JB, Inc., Healthy Supplements MAYA, Inc., Healthy and Slim TT, Inc., Ideal Skin & Health Care NA, Inc., Lasting Fitness & Beauty JLN, Inc., PKL Everlasting Beauty, Inc., Radiant Skin & Body Shop ATN, Inc., Remarkable Beauty TN, Inc., Remarkable Health Supply PO, Inc., Skin Beauty & Health JN, Inc., Skin Beauty Products ISA, Inc., Skin Beauty and Balance CD, Inc., Skin Care Enterprise TTH, Inc., Skin Care Group MK, Inc., Skin Products Rubio, Inc., Skin and Beauty NS, Inc., Strength & Fitness Lifestyle LT, Inc., Total Fitness & Health MC, Inc., Total Health Supply TUA, Inc., and Vibrant Face & Beauty Shop ATN, Inc. (collectively, the "La Pura Defendants").[1] (Doc. Nos. 137–141.) On April 22, 2021, Defendants Chad Biggins, James Martell, Stephen Adelé, and Quick Box, LLC (collectively, the "Quick Box Defendants") each filed crossclaims against the La Pura Defendants. (Doc. Nos. 145, 147–

---

[1] The Konnektive Defendants and the Quick Box Defendants also included entities Beauty and Balance LV, Inc., Diet Focus MG, Inc., Select Skin Products MV, Inc., and Skin Beauty Enterprise MG, Inc. as part of the "La Pura Defendants" in their crossclaims. (Doc. Nos. 137–141, 145, 147–49.) These entities have not yet appeared in the action, and counsel for the moving La Pura Defendants represents they do not represent the entities. (Doc. No. 151 at 2 n.1.) On November 9, 2020, Plaintiff filed a motion for entry of default against them for their failure to respond to the original complaint, (Doc. No. 61), and on November 12, 2020, the Clerk entered default against them, (Doc. No. 62). In this Order, references to the "La Pura Defendants" exclude Beauty and Balance LV, Inc., Diet Focus MG, Inc., Select Skin Products MV, Inc., and Skin Beauty Enterprise MG, Inc.

49.) On May 12, 2021, the La Pura Defendants filed a motion to dismiss the crossclaims filed by the Konnektive Defendants and the Quick Box Defendants. (Doc. No. 151.) On May 28, 2021, the Konnektive Defendants and the Quick Box Defendants filed their oppositions to the La Pura Defendants' motion to dismiss. (Doc. Nos. 154, 155.) On June 1, 2021, Plaintiff LeAnne Tan filed a notice of partial joinder of the La Pura Defendants' motion to dismiss. (Doc. No. 156.) On June 7, 2021, the La Pura Defendants filed their reply. (Doc. No. 162.) On June 7, 2021, the Konnektive Defendants filed an objection to Plaintiff's notice of partial joinder, and the Quick Box Defendants joined the objection. (Doc. Nos. 160, 161.)

A hearing on the matter is currently scheduled for June 21, 2021 at 10:30 a.m. The Court, pursuant to its discretion under the Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the following reasons, the Court denies in part and grants in part the La Pura Defendants' motion to dismiss.

## Background

The factual background underlying this action has been previously laid out in detail in the Court's prior orders. (Doc. Nos. 88, 130.) Briefly, this lawsuit involves an alleged fraudulent scheme in which Defendants allegedly use fake celebrity endorsements and reviews and misrepresentations about price and limited availability to induce consumers into purchasing beauty and skincare products. (Doc. No. 89 ¶¶ 8–12.) In the operative complaint, Plaintiff's First Amended Complaint ("FAC"), Plaintiff asserts five causes of action: (1) violation of California's Consumer Legal Remedies Act ("CLRA"); (2) violation of California's False Advertising Law ("FAL"); (3) violation of the unfair and fraudulent prongs of California's Unfair Competition Law ("UCL"); (4) violation of the unlawful prong of California's Unfair Competition Law; and (5) civil Racketeer Influenced and Corrupt Organizations ("RICO") Act violations. (Id. ¶¶ 363–908.) On April 7, 2021, the Court denied in part and granted in part the La Pura Defendants, the Konnektive Defendants, and the Quick Box Defendants' motions to dismiss Plaintiff's FAC. (Doc. No.

130.) Subsequently, the Konnektive Defendants and the Quick Box Defendants filed their answers to Plaintiff's FAC, as well as crossclaims pursuant to Federal Rule of Civil Procedure 13(g)[2] against the La Pura Defendants for (1) equitable indemnity, and (2) common law contribution. (Doc. Nos. 137 ¶¶ 5–13; 145 ¶¶ 11–19.)[3] The Konnektive Defendants and the Quick Box Defendants deny the allegations set forth in Plaintiff's FAC but allege that should they be found jointly and severally liable for any judgment, they are entitled to indemnity and/or contribution from the La Pura Defendants. (Doc. Nos. 137 ¶ 1; 145 ¶ 2.) By the present motion, the La Pura Defendants seek to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims for failure to state a claim upon which relief can be granted. (Doc. No. 151.)

## Discussion

### I. Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content

---

[2] In their pleadings, the Konnektive Defendants and the Quick Box Defendants incorrectly state that their crossclaims are brought pursuant to Federal Rule of Civil Procedure 13(a), which provides for pleading compulsory counterclaims. (Doc. Nos. 137 at 134; 145 at 130.) In their oppositions, the Konnektive Defendants and the Quick Box Defendants clarify that their crossclaims are brought pursuant to Rule 13(g). (Doc. Nos. 154 at 8; 155 at 5, 9.)

[3] The crossclaims filed by the Konnektive Defendants and the Quick Box Defendants are nearly identical. (See Doc. Nos. 137–41, 145, 147–49.) As a result, throughout its Order the Court will cite to one crossclaim from each group as a representative crossclaim.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008); see Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 245 (9th Cir. 1990) ("It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted."). "The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" Starr v. Baca, 652 F.3d 1202, 1216–17 (9th Cir. 2011) (citing Iqbal, 556 U.S. at 681). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

## II. Analysis

### A. Whether the Konnektive Defendants and the Quick Box Defendants Have Stated Crossclaims for Equitable Indemnity

The La Pura Defendants argue that the Konnektive Defendants and the Quick Box Defendants' crossclaims for equitable indemnity should be dismissed; they assert there is no right to equitable indemnity for claims based on intentional torts where the party denies jointly participating in the tort. (Doc. No. 151 at 3.) They argue the Konnektive Defendants and the Quick Box Defendants stated in their crossclaims that Plaintiff's alleged injuries were "caused wholly" by the acts of the La Pura Defendants, (Doc. No. 145 ¶ 2), and contend this counts as a judicial admission that they are not joint intentional tortfeasors, (Doc. No. 151 at 3–4.)

"The common law equitable indemnity doctrine relates to the allocation of loss among multiple tortfeasors." Fireman's Fund Ins. Co. v. Haslam, 35 Cal. Rptr. 2d 135, 139 (Cal. Ct. App. 1994). The doctrine of equitable indemnity "permit[s] a concurrent

tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc., 491 F. Supp. 3d 506, 516 (N.D. Cal. 2020) (quoting Am. Motorcycle Ass'n v. Superior Ct., 578 P.2d 899, 912 (Cal. 1978)). "The doctrine applies only among defendants who are jointly and severally liable to the plaintiff." BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc., 14 Cal. Rptr. 3d 721, 723 (Cal. Ct. App. 2004); see also Miller v. Sec. Life of Denver Ins. Co., No. C 11-1175 PJH, 2012 WL 1029279, at *5 (N.D. Cal. Mar. 26, 2012) ("A claim for equitable indemnity requires a tort claim asserted by the original plaintiff against the proposed indemnitee on which to base joint and several liability, between the proposed indemnitor and indemnitee."). Equitable indemnity need not be premised on identical claims alleged against joint and several tortfeasors; rather, "[t]he claims must relate to the same legal injury, but do not have to be identical claims." Employers Ins. of Wausau v. Musick, Peeler, & Garrett, 948 F. Supp. 942, 944 (S.D. Cal. 1995); see In re First All. Mortg. Co., 471 F.3d 977, 1005 (9th Cir. 2006) (noting that "[j]oint tortfeasors may act in concert or independently of one another," and the focus of the inquiry is on "the interrelated nature of the harm done.") (citations omitted). While equitable indemnity is generally not available to intentional tortfeasors who would shift responsibility onto negligent tortfeasors, California law "allow[s] for comparative equitable indemnification among joint intentional tortfeasors." In re First All. Mortg., 471 F.3d at 1004–05 (citing Baird v. Jones, 27 Cal. Rptr. 2d 232 (Cal. Ct. App. 1993)).

The Konnektive Defendants and the Quick Box Defendants have sufficiently stated crossclaims for equitable indemnity against the La Pura Defendants. They have alleged that the La Pura Defendants "are jointly and severally liable," (Doc. Nos. 137 ¶ 6; 145 ¶ 12)[4]; that their liability is "vicarious, constructive, derivative, or secondary" of the La

---

[4] The Konnektive Defendants and the Quick Box Defendants also note that Plaintiff's FAC seeks relief against all defendants jointly and severally, as Plaintiff's prayer for relief is made against all "Defendants" without differentiation. (Doc. No. 154 at 5 (citing Doc. No. 89 at 332–33).)

Pura Defendants' liability, (Doc. Nos. 137 ¶ 7; 145 ¶ 13); that if they are found "liable, in whole or in part," they will be "exposed to liability and damages in excess of any actual fault," (Doc. Nos. 137 ¶ 8; 145 ¶ 14); and that they are entitled to "complete or partial indemnity from [the La Pura Defendants], jointly and severally," (Doc. Nos. 137 ¶ 9; 145 ¶ 15). To the extent the claims in the FAC constitute intentional torts,[5] the La Pura Defendants' contention that the Konnektive Defendants and the Quick Box Defendants have "judicially admitted" that they are not joint intentional tortfeasors is unpersuasive. Under Federal Rule of Civil Procedure 8, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "'In light of the liberal pleading policy embodied in [Federal Rule of Civil Procedure 8(e)], . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case,' at least at the 'initial pleading stage.'" Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692, 700–01 (9th Cir. 2021) (quoting Molsbergen v. United States, 757 F.2d 1016, 1019 & n.4 (9th Cir. 1985)). At this stage in the proceeding, the Konnektive Defendants and the Quick Box Defendants are permitted to entirely deny liability, and direct blame toward the La Pura Defendants, while simultaneously maintaining crossclaims for full or partial equitable indemnity against the La Pura Defendants should they be found jointly and severally liable. Accordingly, the Court denies the La Pura Defendants' motion to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims for equitable indemnity.

---

[5] In her notice of partial joinder, Plaintiff notes that the Konnektive Defendants and the Quick Box Defendants have pled affirmative defenses involving comparative fault principles. (Doc. No. 156 at 1–3.) Plaintiff seeks for the Court to hold that all of the state law torts pled in the FAC constitute intentional torts, claiming that such a holding would preclude the subsequent application of those principles to Plaintiff's claims under the caselaw. (Id.) The Konnektive Defendants and the Quick Box Defendants object that Plaintiff's joinder motion was untimely, as it was filed only thirteen days before the original hearing scheduled for the La Pura Defendants' motion to dismiss. (Doc. Nos. 160, 161.) They also contend that Plaintiff lacks standing to challenge their crossclaims. (Id.) These objections are valid. It is improper for Plaintiff to raise arguments regarding comparative fault principles by joining a motion that seeks to dismiss crossclaims that do not involve her. Defendants' affirmative defenses, and the potential applicability of comparative fault principles, are not issues that are fully briefed or presently before the Court, and are better suited to when the record is more fully developed.

### B. Whether the Konnektive Defendants and the Quick Box Defendants Have Stated Crossclaims for Contribution

Next, the La Pura Defendants contend that the Konnektive Defendants and the Quick Box Defendants' crossclaims for contribution must be dismissed because the Konnektive Defendants and the Quick Box Defendants have not alleged the existence of a joint obligation between or money judgment jointly rendered against them and the La Pura Defendants, purportedly making the crossclaims premature. (Doc. No. 151 at 5.)[6] The Konnektive Defendants and the Quick Box Defendants contend that their contribution crossclaim is properly brought in the same proceeding that will determine the parties' liabilities, if any. (Doc. Nos. 154 at 7–9; 155 at 8–9.) The Court agrees with the Konnektive Defendants and the Quick Box Defendants.

Under Rule 13(g), a crossclaim for indemnification or contribution need not be mature at the time of pleading. See Wada v. Aloha King, LLC, 154 F. Supp. 3d 981, 1003 (D. Haw. 2015); U.S. Bank, N.A. for Certificateholders of LXS 2007-16N Tr. v. Mar-A-Lago Homeowners Ass'n, No. 2:16-cv-00565-GMN-NJK, 2018 WL 3865375, at *4 (D. Nev. Aug. 13, 2018). Rather, "[a] crossclaim can be contingent upon the ultimate adjudication of the crossclaimant's liability to plaintiff." Wada, 154 F. Supp. 3d at 1003 (citing Glens Falls Indem. Co. v. U.S. ex rel. and to use of Westinghouse Elec. Supply Co., 229 F.2d 370, 372–74 (9th Cir. 1955) ("Rules 13 and 14 . . . authorize the assertion of crossclaims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff.")); see State Comp. Ins. Fund v. Drobot, No. SACV 13-0956 AG (CWx), 2015 WL 12712320, at *2 (C.D. Cal. Dec. 18, 2015) ("Rule 13(g) explicitly allows Defendants to bring contingent claims against their co-defendants."). The Tenth Circuit has explained:

---

[6] The La Pura Defendants also note that the Konnektive Defendants and the Quick Box Defendants' second crossclaim is for "common law" contribution and argue that California does not recognize a common law claim for contribution. (Doc. No. 151 at 4–5.) But as the La Pura Defendants acknowledge, California Code of Civil Procedure §§ 875 and 1432 do provide for statutory rights of contribution, and the Court declines to dismiss the crossclaims on the grounds that they are mislabeled.

> [Rule 13(g)] empowers a party litigant to plead as a crossclaim any claim against a co-party arising out of the transaction or occurrence or relating to the property that is the subject matter of the original action; and it expressly authorizes the inclusion in such crossclaim a claim that the party against whom it is asserted "is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." The rule is not limited by text or purpose to definite or matured claims or causes of action. It is broad enough to include a claim of a contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case.

Providential Dev. Co. v. U.S. Steel Co., 236 F.2d 277, 281 (10th Cir. 1956); see also Am. Rivers, Inc. v. Nooa Fisheries, No. CV-04-0061-RE, 2006 WL 435580, at *1 (D. Or. Feb. 21, 2006) ("'Rule 13(g) was intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action.'"). Thus, although the Konnektive Defendants and the Quick Box Defendants' crossclaims are contingent upon the ultimate adjudication of the parties' liabilities to Plaintiff in this action, that fact is not a proper basis for dismissal of a crossclaim. See Glens Falls Indem., 229 F.2d at 372–74; Wada, 154 F. Supp. 3d at 1003; Drobot, 2015 WL 12712320, at *2.

The La Pura Defendants argue that California courts have held that a claim for contribution may not be asserted absent the existence of a joint obligation or money judgment. (Doc. No. 162 at 4.) But the Ninth Circuit has clearly held that "a claim for equitable indemnity or contribution can be properly made in the same proceeding that initially determines liability." Hoffman v. May, 313 Fed. Appx. 955, 958 (9th Cir. 2009) (affirming dismissal of contribution claim only because "liability was previously determined in a separate arbitration proceeding" and "[t]here [was] no such judgment against Salke"); see also Kormylo v. Forever Resorts, LLC, No. 13-cv-511, 2015 WL 106379, at *4 (S.D. Cal. Jan. 6, 2015) (holding that a defendant may seek contribution from a third-party "even though the defendant's claim is purely inchoate—i.e., has not yet accrued under the governing substantive law"); NuCal Foods, Inc. v. Quality Egg LLC, 918 F. Supp. 2d 1037, 1042 (E.D. Cal. 2013) (noting that "California courts in fact

countenance cross-complaints containing such claims when the underlying action is still pending"); Wells Fargo Bank, N.A. v. Renz, No. C 08-02561-SBA, 2011 WL 97649, at *11 (N.D. Cal. Jan. 12, 2011) (denying motion to dismiss crossclaims for indemnity, contribution, and declaratory relief because "they are predicated upon a finding that [the crossclaimant] is liable to Plaintiff under Plaintiff's claims"). The cases cited by the La Pura Defendants do not involve crossclaims brought under Rule 13(g) or are otherwise distinguishable. (Doc. Nos. 151 at 4–5; 162 at 4–5.)[7] The Konnektive Defendants and the Quick Box Defendants have sufficiently alleged that should a judgment be rendered jointly against them and the La Pura Defendants in this proceeding, they allegedly will be entitled to contribution from the La Pura Defendants for a portion of that judgment. (Doc. Nos. 137 ¶¶ 10–13; 145 ¶¶ 16–19.) In sum, the Court denies the La Pura Defendants' motion to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims for contribution.

### C. Whether Indemnity or Contribution Claims Are Available Under RICO

Finally, the La Pura Defendants argue that equitable indemnity and contribution are not available to defendants in civil RICO actions. (Doc. No. 151 at 5.) "A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate common law." Mortgs., Inc. v. U.S. Dist. Ct. for Dist. of Nev. (Las Vegas), 934 F.2d 209, 212 (9th Cir. 1991) (citing Tex. Indus., Inc. v. Radcliff Materials, 451 U.S. 630, 638 (1981)). The parties do not dispute that Congress has not created an express right to contribution or indemnification for RICO claims. The Konnektive Defendants and the Quick Box Defendants have not provided the Court with

---

[7] For example, in Wimbeldon Fund, SPC (Class TT) v. Graybox, LLC, in dismissing the claim for contribution, the district court found that there was no joint judgment between the third-party plaintiffs and defendants, and significantly, that there never could be a judgment because of a settlement and the fact that the original lawsuit had been dismissed. No. 2:15-cv-6633-CAS (SSx), 2019 WL 2413023, at *8 (C.D. Cal. June 6, 2019). The same cannot be said of the present matter.

10

3:20-cv-01082-H-DEB

any authority for their contention that indemnity and contribution claims are available under RICO. The case they cite, Regence Group v. Tig Specialty Insurance Company, involved contractual indemnification pursuant to an insurance policy, not whether RICO provides a right to contribution or indemnity. 903 F. Supp. 2d 1152, 1161 (D. Or. 2012). On the other hand, there are ample federal court decisions holding or otherwise acknowledging that contribution and indemnification are not available under RICO. Dwyer v. Bicoy, No. SACV 09-0064 -JVS(RNBx), 2009 WL 10698198, at *2 (C.D. Cal. Dec. 16, 2009) ("Indemnity is unavailable for a RICO claim."); Daniels v. Bursey, 329 F. Supp. 2d 975, 982 (N.D. Ill. 2004) ("[D]efendants in civil RICO actions are not entitled to seek either contribution or indemnification from third parties."); Friedman v. Hartmann, 787 F. Supp. 411, 415 (S.D.N.Y. 1992) ("The text of the RICO statute does not explicitly permit defendants in civil RICO actions to obtain either contribution or indemnity from third parties, and courts have consistently held that no such right exists."); Nelson v. Bennett, 662 F. Supp. 1324, 1339, n.23 (E.D. Cal. 1987) ("[N]o rights of contribution are available to defendants under RICO."); Seminole Elec. Co-op., Inc. v. Tanner, 635 F. Supp. 582, 584 (M.D. Fla. 1986) (finding there is no right to contribution or indemnification in a civil RICO action, and that the court is without the authority to fashion a federal common law of such rights); cf. Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp., 893 F.2d 1109, 1117 (9th Cir. 1990) (noting that while "courts have held that there is no right to indemnification or contribution . . . neither the 9th Circuit nor the Supreme Court have disposed of the issue" and thus refusing to impose Rule 11 sanctions for arguing to the contrary). To the extent that the Konnektive Defendants and the Quick Box Defendants are asking this Court to break with this extensive line of cases and hold that contribution and indemnification claims are allowed under RICO, the Court rejects this request. In sum, the Court grants the La Pura Defendants' motion to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims to the extent that they seek contribution or indemnification for any damages awarded to Plaintiff and/or the putative class under the FAC's fifth cause of action.

In the alternative, the Konnektive Defendants and the Quick Box Defendants ask for leave to amend their crossclaims to include allegations pertaining to a theory of contractual indemnification for Plaintiff's RICO claims against the La Pura Defendants. (Doc. Nos. 154 at 15–17; 155 at 14–17.) Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). The Court has reviewed Konnektive Defendants and the Quick Box Defendants' request and concludes that amendment cannot cure the deficiencies in their crossclaims. Accordingly, the Court denies the Konnektive Defendants and the Quick Box Defendants' request for leave to amend.

## Conclusion

For the reasons stated above, the Court: (1) denies the La Pura Defendants' motion to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims for equitable indemnity and contribution; and (2) grants the La Pura Defendants' motion to dismiss the Konnektive Defendants and the Quick Box Defendants' crossclaims to the extent that they seek contribution or indemnification under RICO.

**IT IS SO ORDERED.**

DATED: June 16, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT