**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@KRInternetLaw.com
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@KRInternetLaw.com
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Answering Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN,<br><br>    Plaintiff,<br><br>    v.<br><br>QUICK BOX, LLC, et al.,<br><br>    Defendants. | Case No. 3:20-cv-01082-H-DEB<br><br>**LA PURA DEFENDANTS' ANSWER TO JAMES MARTELL'S CROSS-COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| JAMES MARTELL,<br><br>    Cross-Claimant,<br><br>    v.<br><br>**LA PURA DEFENDANTS** and **JOHN DOES 1-10**, as defined in Plaintiff's First Amended Complaint,<br><br>    Cross-Defendants. | |

Defendants Beautiful Skin and Health SL, Inc., Coastal Beauty Care KV, Inc., Coastal Health & Body TML, Inc., Coastal Skin Care DC, Inc., Complete Beautiful Skin DT, Inc., Complete Dietary Health DT, Inc., Diet and Beauty Enterprise JB, Inc., Dietary 8 Leaves TL, Inc., Dietary Care Group MK, Inc., Dietary Health Management SL, Inc., Dietary Health Supplements ADN, Inc., Dietary Health DL, Inc., Dietary Mind & Body AR, Inc., Dietary Pills TTH, Inc., Dietary Supplements 8 Leaves TL, Inc., Dietary Supplements NS, Inc., DL Group, Inc., EM Strength & Wellness Products, Inc., EW Ideal Health Store, Inc., EW Radiant Skin Store, Inc., Fit and Slim Body OLO, Inc., Fit Body Forever KZ, Inc., Fit Lifestyle Enterprise JD, Inc., Fitness & Health Supplements PKL, Inc., Flawless Beauty Forever MC, Inc., Forever Beautiful Products KZ, Inc., Forever Beauty and Balance JL, Inc., Health & Body Care TN, Inc., Health & Skin Nutrition JLN, Inc., Health & Wellness Products EM, Inc., Health and Diet Products ISA, Inc., Health and Fitness Lifestyle JL, Inc., Health Enterprise AR, Inc., Health Enterprise LT, Inc., Health Skin and Beauty MAYA, Inc., Health Skin and Body JB, Inc., Healthy and Slim TT, Inc., Healthy Beautiful Skin JD, Inc., Healthy Body & Balance CD, Inc., Healthy Fit Lifestyle DC, Inc., Healthy Leaves TL, Inc., Healthy Lifestyle Diet JL, Inc., Healthy Skin Group TQH, Inc., Healthy Skin Lifestyle JB, Inc., Healthy Supplements MAYA, Inc., Ideal Skin & Health Care NA, Inc., Lasting Fitness & Beauty JLN, Inc., PKL Everlasting Beauty, Inc., Radiant Skin & Body Shop ATN, Inc., Remarkable Beauty TN, Inc., Remarkable Health Supply PO, Inc., Skin and Beauty NS, Inc., Skin Beauty & Health JN, Inc., Skin Beauty and Balance CD, Inc., Skin Beauty Products ISA, Inc., Skin Care Enterprise TTH, Inc., Skin Care Group MK, Inc., Skin Products Rubio, Inc., Strength & Fitness Lifestyle LT, Inc., Total Fitness & Health MC, Inc., Vibrant Face & Beauty Shop ATN, Inc., Defendant Total Health Supply TUA, Inc. (collectively, "Answering Defendants" or "Defendants")[1] hereby

---

[1] Plaintiff also included entities Beauty and Balance LV, Inc., Diet Focus MG, Inc., Select Skin Products MV, Inc., and Skin Beauty Enterprise MG, Inc. as part of the "La Pura Defendants" in her FAC. [D.E.

answer Defendant and Cross-Claimant James Martell ("Martell" or "Cross-Claimant")'s Cross-Complaint as follows. The paragraphs below correspond to the same numbered paragraphs in the Cross-Complaint. [D.E. No. 149.]

## FACTUAL ALLEGATIONS

1. Defendants admit that Plaintiff's First Amended Complaint purports to allege claims against a group of business entities that Plaintiff identifies as the "La Pura Defendants." Defendants admit that Cross-Claimant defines the term "La Pura Defendants" to include the group of business entities listed in Paragraph 1. Defendants deny any remaining allegations in Paragraph 1.

2. The allegations of Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Cross-Claimant purports to assert claims for indemnity and contribution against Defendants. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny them.

4. Defendants admit that Quick Box, LLC is a Colorado-based fulfillment company. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 6, and on that basis deny them.

7. Defendants admit the allegations in Paragraph 7.

8. Defendant Total Health Supply TUA, Inc. admits that on or around

---

No. 89.] These entities have not yet appeared in the action, and undersigned counsel do not represent these entities. On November 9, 2020, Plaintiff filed a motion for entry of default against them for their failure to respond to the original complaint [D.E. No. 61], and on November 12, 2020, the Clerk entered default against them [D.E. No. 62]. In this Answer, references to the "La Pura Defendants" exclude Beauty and Balance LV, Inc., Diet Focus MG, Inc., Select Skin Products MV, Inc., and Skin Beauty Enterprise MG, Inc.

January 10, 2020, Plaintiff signed up for a free trial offer of a La Pura skin care product. Defendant Total Health Supply TUA, Inc. admits that Ms. Tan's credit card was charged on two consecutive occasions for a total of $172.83. Defendant Total Health Supply TUA, Inc. admits that Ms. Tan received a partial refund after she complained. Defendant Total Health Supply TUA, Inc. admits that it did not provide Plaintiff's credit card information to Cross-Claimant. Defendant Total Health Supply TUA, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies them. Defendants (other than Defendant Total Health Supply TUA, Inc.) lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny them.

9. Defendants admit that the First Amended Complaint purports to allege that some or all of the Defendants failed to comply with state and federal laws and regulations regarding unfair competition, automatic subscription billing, wire fraud, and mail fraud. Defendants deny any remaining allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 10, and on that basis deny them.

## COUNT I

### (Equitable Indemnity)

11. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

12. The allegations of Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12 to the extent they apply to conduct by the responding

Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 12, and on that basis deny them.

13. The allegations of Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 13, and on that basis deny them.

14. The allegations of Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 14, and on that basis deny them.

15. The allegations of Paragraph 15 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 15, and on that basis deny

them.

## COUNT II

### (Common Law Contribution)

16. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

17. The allegations of Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 17, and on that basis deny them.

18. The allegations of Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 18, and on that basis deny them.

19. The allegations of Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19 to the extent they apply to conduct by the responding Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 to the extent they apply to other Defendants, and Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 19, and on that basis deny

them.

## PRAYER FOR RELIEF

Defendants deny that Cross-Claimant is entitled to any of the relief pled in this section or sought in the Cross-Complaint.

## LA PURA DEFENDANTS' AFFIRMATIVE DEFENSES

Without admitting any allegations in the Cross-Complaint, Defendants assert the following affirmative defenses and reserve the right to add additional affirmative defenses as otherwise noted. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where the burden properly belongs to Cross-Claimant. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Cross-Claimant's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Cross-Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Safe Harbor)

The Cross-Complaint's crossclaims are barred by California's safe harbor doctrine because the alleged actions of the La Pura Defendants, at all relevant times and places, were in compliance with applicable law.

## THIRD AFFIRMATIVE DEFENSE
### (First Amendment Rights)

The Cross-Complaint's crossclaims are barred to the extent that the conduct complained of is protected by the free speech provisions of the Constitution of the State of California and the Constitution of the United States of America.

//

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Defendants acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Plaintiff to State or Substantiate Underlying Claim)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Plaintiff has not stated and cannot substantiate any claim against Defendants or Cross-Claimant for which Cross-Claimant seeks indemnity or contribution from Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Causation Is Lacking)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Cross-Claimant has not sustained any injury or damage by reason of any act or omission on Defendants' part.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Defendants' alleged business practices described in the First Amended Complaint and/or Cross-Complaint were not unlawful.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Constitutional and Statutory Standing)

Cross-Claimant lacks either standing and/or capacity to bring some or all of the crossclaims alleged in the Cross-Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The Cross-Complaint's crossclaims are barred because the Court lacks subject matter jurisdiction over the crossclaims.

## TENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Cross-Claimant's request for attorneys' fees in this matter is barred to the extent it lacks any basis in law or contract.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Cross-Complaint's crossclaims are barred to the extent Cross-Claimant would be unjustly enriched if allowed to recover any monies claimed to be due in the Cross-Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Damages Caused by Other Causes)

To the extent that Cross-Claimant suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Defendants and for which Defendants were not and are not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Cross-Claimant failed to mitigate any alleged loss, damage, or injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

Defendants' alleged actions, at all relevant times and places, were necessary to the competitive operation of their businesses, and Cross-Claimant's alleged injury, if any, is outweighed by the benefit to the public of Defendants' actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Set-off)

Even if the Cross-Complaint's crossclaims are meritorious, which Defendants deny, those crossclaims are subject to set-off and recoupment.

//

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Uncertain/ Unmanageable Damages)

Cross-Claimant's requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Laches)

The Cross-Complaint's crossclaims are barred and/or limited by the doctrine of laches where Cross-Claimant unnecessarily delayed in asserting the claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Acquiescence)

The Cross-Complaint's crossclaims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Causes)

The Cross-Complaint's crossclaims are barred, in whole or in part, because the injuries alleged by Plaintiff and/or Cross-Claimant, to the extent any exist, were caused by intervening causes or superseding causes, by the conduct of third parties for whom Defendants were not responsible, and/or through acts or omission by Plaintiff and/or Cross-Claimant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Consent)

The Cross-Complaint's crossclaims are barred, in whole or in part, based on Plaintiff's and/or Cross-Claimant's consent to Defendants' alleged misconduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Premature)

The Cross-Complaint's crossclaims are barred, in whole or in part, because they present conjectural or premature matters that are not actual and present controversies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Cross-Complaint's crossclaims are barred, in whole or in part, because Cross-Claimant's conduct related to Plaintiff's claims and Cross-Claimant's crossclaims was unethical, unfair, undertaken in bad faith, and/or overstepped the bounds of acceptable conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

The Cross-Complaint's crossclaims are barred, in whole or in part, by the doctrine of comparative fault in that Cross-Claimant engaged in conduct that fell below the standard of care that Cross-Claimant was legally required to maintain under the particular circumstances at issue and that constitutes a contributory cause of the injury for which Cross-Claimant seeks damages from Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation)

Further responding, Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as of yet unstated, affirmative defenses available. Defendants reserve their right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

## LA PURA DEFENDANTS' PRAYER FOR RELIEF

Wherefore, Defendants respectfully request the following relief:

1. Dismissal of Cross-Claimant's Cross-Complaint with prejudice in its entirety;

2. Cross-Claimant take nothing on the crossclaims, and that judgment be entered against Cross-Claimant and in favor of Defendants;

3. Attorney's fees and costs, if and as allowed; and

4. Any other and further relief to which Defendants are entitled.

Respectfully Submitted,

DATED: July 1, 2021                     **KRONENBERGER ROSENFELD, LLP**

                                        _s/ Karl S. Kronenberger_
                                        Karl S. Kronenberger

                                        Counsel for the La Pura Defendants

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants request a trial by jury of all issues triable by a jury.

Respectfully Submitted,

DATED: July 1, 2021                              **KRONENBERGER ROSENFELD, LLP**

                                                                 s/ Karl S. Kronenberger
                                                                  Karl S. Kronenberger

                                                         Counsel for the La Pura Defendants