UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN,<br><br>         Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>         Defendants. | Case No.: 20cv1082-LL-DEB<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>**[ECF No. 204]** |
| CHAD BIGGINS,<br><br>         Cross Claimant,<br><br>v.<br><br>LA PURA DEFENDANTS and JOHN DOES 1-10, as defined in Plaintiff's First Amended Complaint,<br><br>         Cross Defendants. | |

  Karl Kronenberger and Jeffrey Rosenfeld, and their law firm Kronenberger Rosenfeld, LLP, move to withdraw as counsel of record for the La Pura Defendants because an actual, material conflict has arisen among the La Pura Defendants. ECF No. 204. The Motion was submitted on the papers without oral argument pursuant to Civil

Local Rule 7.1(d)(1) and Federal Rule of Civil Procedure 78(b). No opposition has been filed. For the following reasons, the motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff Leanne Tan filed this putative class action on June 12, 2020, alleging that she had been defrauded by a deceptive online offer for a skincare product. Ms. Tan filed the suit against the La Pura Defendants (except for Rocket Management Group, LLC ("Rocket") and Kiet Lieu ("Lieu")), who allegedly operated the deceptive offer; against Quick Box, LLC, Quick Holdings, LLC, Stephen Adele, Chad Biggins, and James Martel (the "Quick Box Defendants"), who allegedly facilitated the offer through fulfillment services and other services; and against Konnektive Corporation, Martorano Holdings, LLC, Konnektive Rewards, LLC, Matthew Martorano, and Katheryn Martorano (the "Konnektive Defendants"), who allegedly facilitated the offer through the provision of software and other services. Plaintiff filed a First Amended Complaint ("FAC") on January 7, 2021. All Defendants moved to dismiss the FAC, and on April 7, 2021, the Court denied Defendants' motion in significant part. ECF No. 130. All Defendants (except Rocket and Lieu) then filed answers to the FAC between April 21-22, 2021. ECF Nos. 131,137-141, 145, 147-149. The Quick Box Defendants and the Konnektive Defendants also asserted crossclaims and third-party claims against the La Pura Defendants (including Rocket and Lieu). ECF Nos. 136-142, 145, 147-149. The La Pura Defendants filed answers to the crossclaims and third party claims between June 29, 2021 and July 1, 2021. ECF Nos. 170-171, 175-184.

## II.    LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 19-cv-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under the Local Rules, "corporations, partnerships and other legal entities, may appear in court only

through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-cv-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). There is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant parties have sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-cv-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

The California Rules of Professional Conduct provide that conflicts of interest that arise during representation require informed written consents, and "[i]n the absence of such consents, depending on the circumstances, the lawyer may have the option [under Rule 1.16] to withdraw from one or more of the representations in order to avoid the conflict." Cal. R. Prof. Conduct 1.7, Comment 10. Additionally, a lawyer "shall withdraw from the representation of a client if . . . the lawyer knows or reasonably should know that the representation will result in violation of these rules or the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2). A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to

file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

### III.   DISCUSSION

Messrs. Kronenberger and Rosenfeld state "[a]n actual conflict . . . . has arisen among the La Pura Defendants, which makes it impossible for Kronenberger Rosenfeld to continue representing the La Pura Defendants consistent with the firm's obligations under the California Rules of Professional Conduct[.] ECF No. 203 at 4. They further state:

> Withdrawal will not prejudice the other parties because, while some discovery has occurred, this case is at an early procedural posture. Moreover, because the La Pura Defendants (with the exception of Kiet Lieu) are corporate parties, they will need to engage replacement counsel or risk default to Plaintiff and Cross-Plaintiffs. . . . [T]he other parties do not oppose this motion.

*Id*. at 4. Finally, they state that "[w]ithdrawal will not harm the administration of justice because Plaintiff and Cross-Plaintiffs will still be able to prosecute their claims against the La Pura Defendants or seek default" and "[w]ithdrawal will not delay the resolution of this case because the case has been stayed for six months during a related bankruptcy proceeding, and the pretrial dates are about to be reset." *Id*. at 4-5. These averments are supported by a declaration by Mr. Kronenberger. ECF No. 204-1.

Taken together, the reasons described provide grounds for withdrawal consistent with the California Rules of Professional Conduct. It does not appear that withdrawal would prejudice the other litigants, harm the administration of justice, or delay the resolution of the case. The La Pura Defendants were provided notice and time for the employment of other counsel. *See* Cal. R. Prof. Conduct 1.16(d). Additionally, the case is at an early stage in the litigation process because only minimal discovery has occurred. Accordingly, it is appropriate for Messrs. Kronenberger and Rosenfeld to withdraw as counsel.

Granting the withdrawal motion leaves the La Pura Defendants, corporate entities, without counsel in contravention of Local Rule 83.3(j). However, Rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and

provides time to do this on the condition that failure to do so will expose the defendant to default proceedings. *See, e.g.*, *Langer v. YM Holdings, LLC*, No. 18-CV-1114 JLS (KSC), 2019 WL 2472623, at *2 (S.D. Cal. June 13, 2019) (granting counsel's motion to withdraw from representing a corporate defendant; ordering the defendant to obtain new counsel within forty-five days and requiring counsel to file a notice of appearance within that timeframe; and warning the defendant of the risk of default judgment upon its failure to retain new counsel); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

## IV. CONCLUSION

For the above reasons, Messrs. Kronenberger and Rosenfeld's Motion to Withdraw as counsel of record [ECF No. 204] is **GRANTED**. The La Pura Defendants must retain counsel within **thirty days** from the date of this Order and have counsel file a notice of appearance. The Court will enter default judgment against the La Pura Defendants if they fail to obtain new counsel and have counsel file a notice of appearance within thirty days from the date of this Order. The Clerk of Court shall update the docket to reflect the withdrawal of Messrs. Kronenberger and Rosenfeld as counsel of record for the La Pura Defendants.

**IT IS SO ORDERED**.

Dated:  April 11, 2022

_____
Honorable Linda Lopez
United States District Judge