UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>　　　　　　　　　　　Defendants.<br><br>CHAD BIGGINS,<br><br>　　　　　　　　　　Cross Claimant,<br><br>v.<br><br>LA PURA DEFENDANTS and JOHN DOES 1-10, as defined in Plaintiff's First Amended Complaint,<br><br>　　　　　　　　　　Cross Defendants. | Case No.: 20cv1082-LL-DDL<br><br>**ORDER GRANTING EX PARTE APPLICATION TO EXTEND CLASS CERTIFICATION BRIEFING PENDING RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT**<br><br>[ECF No. 244] |

Before the Court is Defendants Quick Box LLC, Stephen Adele, Chad Biggins, and James Martell's ("Quick Box Defendants"), and Defendants Konnektive Corporation, Konnektive LLC, Konnektive Rewards LLC, Kathryn Martorano, and Matthew Martorano's ( "Konnektive Defendants") (and collectively, "Defendants") Ex Parte Application to Stay Class Certification Briefing Pending Ruling on Plaintiff Leanne Tan's

1

("Plaintiff") Motion for Leave to Amend the First Amended Complaint ("Ex Parte App." or "Ex Parte Application").[1] ECF No. 244. Plaintiff filed an opposition to Defendants' Ex Parte Application. ECF No. 245. For the reasons set forth below, the Court **GRANTS** Defendants' Ex Parte Application to extend class certification briefing pending the Court's ruling on Plaintiff's Motion for Leave to Amend the First Amended Complaint.

## I.     BACKGROUND

On June 12, 2020, Plaintiff filed this putative class action against Defendants alleging various federal and state law claims. On October 14, 2022, Plaintiff filed the Motion for Class Certification with a motion to file documents under seal. ECF Nos. 229, 230. Following the Motion for Class Certification, the parties jointly moved to modify the briefing schedule. ECF No. 238. On November 1, 2022, the Court entered an order modifying the class certification schedule and enlarging the page limits. ECF No. 239. On November 4, 2022, Plaintiff filed a Motion for Leave to Amend the First Amended Complaint with a motion to file documents under seal. ECF Nos. 240, 241. Both the Motion for Class Certification and the Motion for Leave to Amend the First Amended Complaint have yet to be fully briefed.

On November 11, 2022, Defendants filed the instant Ex Parte Application to vacate the dates provided in the Court's class certification briefing schedule and extend the class certification briefing schedule in this Court pending the resolution of the Plaintiff's Motion for Leave to Amend the First Amended Complaint. ECF No. 244. On November 15, 2022, Plaintiff filed an opposition to Defendants' Ex Parte Application. ECF No. 245.

---

[1] Defendants only appear to be requesting the modification and vacating of the class certification briefing schedule, and not a "stay" of all proceedings. *See* Ex Parte App. at 2, 10. As such, the Court construes the "Ex Parte Application" as an "Ex Parte Application to ***Extend*** Class Certification Briefing Pending Ruling on Plaintiff's Motion for Leave to Amend First Amended Complaint" because the Ex Parte Application merely seeks to vacate the dates on the current briefing schedule [ECF No. 239] and extend the class certification briefing schedule until after the Court rules on Plaintiff's pending Motion for Leave to Amend the First Amended Complaint.

## II. DISCUSSION

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") adding four additional parties and reflecting a name change to Defendant Konnektive Corporation. ECF No. 240 at 5. Plaintiff asserts that she diligently sought to add these parties since learning of their identities. *Id.* at 7. She further explains that she was unable to identify these parties earlier because the Defendants were delaying and "stalling" proceedings. *Id.* at 18–19.

In response to Plaintiff's motion, Defendants request the Court to extend the class certification briefing schedule to "avoid unnecessary confusion, inefficiency, and wasted resources." Ex Parte App. at 8. Defendants state that if the Court grants Plaintiff leave to file an amended complaint, then the "earlier class certification order is rendered moot." *Id.* Defendants allege that Plaintiff's proposed SAC "could change the complexion of the case." *Id.* at 7. Conversely, Plaintiff opposes the Ex Parte Application on the ground that the request is being made to seek more time "to harass Plaintiff's counsel" during informal discovery proceedings. ECF No. 245 at 22. Plaintiff further claims that the amendments to the complaint do not affect the class certification motion. ECF No. 240 at 27–28.

Here, Defendants state that they seek to vacate the class certification briefing schedule only until the Court rules on the Plaintiff's Motion for Leave to Amend. Ex Parte App. at 9. An amended complaint may moot the motion for class certification because an amended complaint supersedes the original complaint so that the original complaint is treated as non-existent. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). As such, granting Plaintiff leave to file an amended complaint may change the

scope and underlying factual allegations of the claims and accordingly, the Motion for Class Certification. *See Dean v. Colgate-Palmolive Co.*, 2017 WL 11585683, at *5 (C.D. Cal. May 15, 2017) (court first addresses the motion for leave to file an amended complaint and does not yet consider an earlier filed pending motion for class certification because an amended complaint would moot the motion for class certification); *Burchfield v. Corel Corporation*, 2013 WL 12120088, at *1 (N.D. Cal. Sept. 12, 2013) (plaintiff's motion for class certification rendered moot with a plaintiff's amended complaint); *In re Northrop Grumman Corporation ERISA Litigation*, 2010 WL 11469724, at *5 (C.D. Cal. Aug. 12, 2010) (court vacated class certification briefing schedule after plaintiffs indicated they intended to file motion seeking leave to file a second amended complaint). Given that the Motion for Leave to Amend the First Amended Complaint remains pending, and it was filed after the Motion for Class Certification, good causes exists to vacate the class certification briefing schedule until after the Court rules on the motion for leave to amend.

Additionally, as previously stated, the focus of the good cause inquiry is the moving party's diligence in seeking the modification and amendment. *Johnson*, 945 F.2d at 609. Given the record before the Court, it appears that Defendants moved expeditiously in filing their Ex Parte Application upon recognizing the need for action to ensure that the Motion for Leave to Amend was evaluated before filing an opposition to the Motion for Class Certification. Therefore, the Court finds that Defendants have shown good cause to modify the class certification briefing schedule pursuant to Rule 16.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Ex Parte Application to extend the class certification briefing schedule and **ORDERS** the following:

1. All deadlines established in the modified class certification briefing schedule [ECF No. 239] are **VACATED**; and

///
///
///

2. A new class certification briefing schedule will be set after the Court rules on Plaintiff's pending Motion for Leave to Amend the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: November 23, 2022

_____
Honorable Linda Lopez
United States District Judge