UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LeANNE TAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.<br><br>         Defendants. | Case No.:  20-cv-1082-LL-DDL<br><br>***CORRECTED* ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[Dkt. No. 285]** |

Before the Court is Plaintiff's Motion to Compel Production of Class Member Contact Information (the "Motion").  Dkt. No. 285.  The Motion is fully briefed, and the Court heard argument on the Motion on May 18, 2023.  For the reasons stated below and on the record at the May 18 hearing, the Motion is **GRANTED**.

## I.

## BACKGROUND

Plaintiff moves to compel responses to RFP No. 37 to the Konnektive Defendants and to RFP No. 53 to the Quick Box Defendants, which identically request:

A list of all customers or purchasers of the La Pura Products, along with contact information for those customers or purchasers including

their physical address, their email address, and their telephone number.

*See* Dkt. No. 285 at 2; Dkt. No. 285-2 at 30, 166-67.

## II.

## DISCUSSION

Defendants assert that the discovery is "not relevant or proportional with respect to [Plaintiff's] claims and because she does not contend that she needs this discovery to satisfy class certification requirements." Dkt. No. 286 at 2. Defendants also state that if the Court compels production of class member contact information, the production should be "limited to a random sample" and Plaintiff's ability to contact the class members should be restricted. *Id.* at 6-7.

The Court disagrees. Plaintiff states she needs to contact other members of the putative class to determine "what text messages other class members were receiving." Dkt. No. 285 at 4. Because class member contact information may assist Plaintiff in developing evidence to support her claims and responding to Defendants' arguments regarding spoliation of the text message Plaintiff alleges she received, the Court finds that the discovery Plaintiff seeks is "relevant to any party's claim or defense" under Rule 26(b)(1). Fed. R. Civ. P. 26(b); *see also Amaraut v. Sprint/United Mgmt. Co.*, No. 3:19-cv-411-WQH-AHG, 2020 WL 8024170, at *5 (S.D. Cal. Jan. 14, 2020) (finding class member contact information was relevant because, among other things, it could "aid in the identification and collection of potentially common evidence") (citation, internal quotation marks and alteration omitted).

The Court further finds that the class members' privacy interests are minimal and do not outweigh Plaintiff's need for the information. Defendants may choose to designate the materials produced in accordance with the Protective Order to address privacy concerns. *See Wiegele v. Fedex Ground Package System*, No. 06-CV-01330JMPOR, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007)

("distinguishing" class members' privacy interests in their "names, addresses, and phone numbers" from "more intimate" information, and finding protective order was sufficient to protect the former).[1]  The Court also rejects Defendants' assertion that the requested discovery is not proportional to the needs of the case.  Significantly, Defendants state they have already collected the responsive information and acknowledged at the May 18 hearing that producing the information is "not complicated."

*In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020), does not preclude the precertification discovery of class member contact information. In that case, the lone named class representative, a Kentucky citizen, was disqualified from serving as a class representative under Kentucky law.  *Id.* at 537-38.  Plaintiff sought class member contact information for the express purpose of "aiding his counsel's attempt to find [another consumer] who might be willing to sue."  *Id.* at 538.  The Ninth Circuit held that "using discovery ***to find a client*** . . . is not within the scope of Rule 26(b)(1)."  *Id.* at 540 (emphasis added).  What is before the Court now is not a case in search of a client.

Defendants accuse Plaintiff of creating a "pretext" to request class member information and state that her "true purpose" is to find a new class representative. Dkt. No. 286 at 5.  This conjecture, however, is not supported by the record – including Plaintiff's motion for class certification, her declaration in support thereof, and her proposed Second Amended Complaint, which confirm Plaintiff's intent and willingness to serve as the representative of the putative class. *See* Dkt. Nos. 229, 229-6, and 240-3; *accord Perez v. DirectTV Group Holdings, LLC*, No. SA CV 16-

---

[1] During the May 18, hearing, Defendants objected to providing Plaintiff with class members' credit card information.  The RFPs at issue do not call for credit card numbers, and Plaintiff disclaims any need for those details.  *See* Dkt. No. 285-2 at 246.  For the avoidance of doubt, the Court finds that "contact information" does not include credit card numbers.

01440-JLS (DFMx), 2020 WL 3124353, at *2 (C.D. Cal. May 14, 2020) (distinguishing *Williams-Sonoma* where "[p]laintiff remain[ed] a party to th[e] action and no determination ha[d] been made regarding her adequacy as a class representative"). Defendants' assertion to the contrary notwithstanding, class member contact information is discoverable before certification even in the wake of *Williams-Sonoma*. *See Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-cv-01126-SB-SHK, 2021 WL 1729689, at *6 (C.D. Cal. Apr. 30, 2021) (noting that "courts in this Circuit . . . routinely permit the discovery of putative class members' contact information" and stating that reliance on *Williams-Sonoma* as establishing a contrary rule is "misplaced").

Similarly, Defendants' speculation that providing Plaintiff with class member contact information is "a road to nowhere" (Dkt. No. 286 at 4) because it is unlikely that any other putative class member has a copy of the text message that invited her to participate in the survey and receive free samples of products is not a basis to deny the requested discovery.

Defendants' other objections are either waived or lack merit. Rule 34 requires that objections be stated "with specificity." Fed. R. Civ. P. 34(b)(2)(B). The Konnektive Defendants' incorporation by reference of a lengthy list of "general objections" does not comply with the Rule and all such "general objections" are waived. *See* Dkt. No. 285-2 at 2-4 and 30. *Accord Cadles of W. Virginia, LLC v. Alvarez*, No. 20-CV-2534-TWR-WVG, 2022 WL 3030949, at *3 (S.D. Cal. July 29, 2022) ("Where the responding party provides a boilerplate or generalized objection, the objections are inadequate and tantamount to not making any objection at all.") (citation omitted); *Weidenhamer v. Expedia, Inc.*, No. C14–1239RAJ, 2015 WL 1292978, at *7 (W.D. Wash. Mar. 23, 2015) (finding that a party who relies on "general objections" "flout[s]" its "duties" under Rule 34).

Furthermore, the Court overrules the Konnektive Defendants' sole specific objection that the information sought by Plaintiff requires them to create a

document.  *Id.* at 30.  As Plaintiff correctly points out, RFP No. 37 seeks electronically stored information which is specifically contemplated by Rule 34.  Dkt. No. 285 at 2.

As to the Quick Box Defendants, while they stated specific objections to RFP No. 53, they proceeded to answer the request "subject to and without waiving" those objections.  By doing so, the Quick Box Defendants arguably waived their objections as to overbreadth, proportionality, consumer privacy, and that the information called for was "beyond the scope of Rule 26(b)."  *See Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("Providing conditional responses to discovery requests is improper, the objections are deemed waived, and the response to the discovery request stands.").  To the extent the objections are not waived, they are overruled for the reasons discussed in this Order and at the May 18 hearing.

The Court is not persuaded that there is any need to limit the production of responsive information to a "random sample" or to restrict Plaintiff's ability to contact members of the putative class at this time.  As noted, responsive information has already been collected and can be readily produced.  The Court is confident that any interaction with putative members of the class, whether by counsel or by someone working at his or her direction, will be conducted within the bounds of all counsel's ethical and professional obligations.  Accordingly, the Court declines Defendants' suggestion to restrict Plaintiff's ability to contact class members through an opt-in procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

Finally, for the reasons discussed at the May 18 hearing, the Court is not persuaded that Plaintiff should be required to seek information from a nonparty (and foreign resident) when the class member contact information is in Defendants' possession, custody and control and is readily available for production.  *See* Fed. R. Civ. P. 45(d)(1) (noting counsel's duty to avoid imposing undue obligations on nonparties).

**III.**

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion to Compel [Dkt. No. 285] is **GRANTED**.  Defendants must produce all responsive information by not later than **June 6, 2023**.

This Order corrects an error at page 3, line 8 of the Court's earlier Order Granting Plaintiff's Motion to Compel [Dkt. No. 295].  The Clerk of the Court is respectfully requested to strike the document at Dkt. No. 295.

**IT IS SO ORDERED.**

Dated: May 23, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

20-cv-1082-LL-DDL