UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>                                    Defendants. | Case No.:  20cv1082-LL-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT [ECF No. 240]; AND** |
| CHAD BIGGINS,<br><br>                              Cross Claimant,<br><br>v.<br><br>LA PURA DEFENDANTS and JOHN DOES 1-10, as defined in Plaintiff's First Amended Complaint,<br><br>                          Cross Defendants. | **(2) DENYING PLAINTIFF'S MOTION TO SEAL [ECF No. 241]**<br><br>**[ECF Nos. 240, 241]** |

Before the Court is Plaintiff Leanne Tan's ("Plaintiff") Motion for Leave to Amend the First Amended Complaint ("Motion to Amend") and Motion for Leave to File Documents Under Seal ("Motion to Seal"). ECF Nos. 240 ("Mot. to Amend"), 241 ("Mot. to Seal"). For the reasons stated below, Plaintiff's Motion to Amend is **GRANTED IN PART** and **DENIED IN PART** and the Motion to Seal is **DENIED.**

1

# I. BACKGROUND

## A. Factual Background

On June 12, 2020, Plaintiff filed a putative consumer fraud class action against alleged operators of an online "free trial" scam. *See* ECF No. 1. Plaintiff alleges Defendants fraudulently lured her, and other consumers like her, into purchasing a monthly installment of La Pura skin care products by offering "free samples" of the products. *See* ECF No. 89, First Amended Complaint ("FAC") ¶¶ 8–12. Despite assurances Plaintiff would only have to pay the nominal costs of shipping the sample, Plaintiff alleges that Defendants charged her the full price for the product, along with ongoing installment payments. *See id.* ¶¶ 110–121.

Plaintiff filed the action against the La Pura Defendants (except for Rocket Management Group, LLC ("Rocket") and Kiet Lieu ("Lieu")), who allegedly operated the deceptive offer; Quick Box, LLC, Quick Holdings, LLC, Stephen Adele, Chad Biggins, and James Martel (the "Quick Box Defendants"), who allegedly facilitated the offer through fulfillment services and other services; and Konnektive Corporation, Martorano Holdings, LLC, Konnektive Rewards, LLC, Matthew Martorano, and Katheryn Martorano (the "Konnektive Defendants"), who allegedly facilitated the offer through the provision of software and other services. *See id.* ¶¶ 14–89.

## B. Procedural Background

On January 7, 2021, Plaintiff filed the FAC. *See* FAC. Each of the defendants moved to dismiss the FAC, and on April 7, 2021, the Court denied each of their motions in significant part. *See* ECF Nos. 94, 98, 99, 130. The La Pura Defendants (except Rocket and Lieu), Quick Box Defendants, and Konnektive Defendants filed answers to the FAC. ECF Nos. 131, 137–141, 145, 147–149. The Quick Box Defendants and the Konnektive Defendants also asserted crossclaims and third-party claims against the La Pura Defendants (including Rocket and Lieu). ECF Nos. 136–142, 145, 147–149. The La Pura Defendants filed answers to the crossclaims and third-party claims. ECF Nos. 170–171, 175–184.

On June 30, 2021, Magistrate Judge Daniel E. Butcher issued a scheduling order, setting a deadline of August 30, 2021 to amend pleadings or join other parties. *See* ECF No. 177. The scheduling order also set deadlines for class certification and fact discovery. *See id.* Per a joint stipulation by the parties, the deadline to file any motion to amend pleadings or join other parties was extended to November 1, 2021. ECF No. 188. The Parties then entered discovery.[1]

On October 29, 2021, the case was stayed pending relief of an automatic stay imposed in a related bankruptcy action. ECF No. 194. On March 21, 2022, the stay was lifted. ECF No. 200. Shortly thereafter, Magistrate Judge Daniel E. Butcher issued a new scheduling order resetting the date for all discovery related to the motion for class certification to be completed by September 16, 2022, and for the motion for class certification to be filed by October 14, 2022. *See* ECF No. 213. The scheduling order, however, did not reset the deadline to amend pleadings or join other parties. *See id.*

Discovery resumed, and the Court observes that the discovery phase of this litigation has been somewhat contentious with both sides filing several discovery-related motions.[2] *See* Mot. to Amend at 7–19 (Plaintiff details several discovery disputes between the parties); *see generally* Oppo.

On October 14, 2022, Plaintiff filed a motion for class certification. ECF No. 229. On November 4, 2022, Plaintiff filed the instant Motion to Amend, including the proposed

---

[1] During this time, Plaintiff first issued a notice for the deposition of Lieu on July 16, 2021. *See* ECF No. 249-1, Ex. 1. Lieu's deposition ultimately commenced on May 31, 2022 and continued on July 14, 2022. *See id.* at Exs. 2, 3.

[2] Plaintiff filed a motion to compel production of confidentiality agreements or non-disclosure agreements on November 25, 2022. ECF No. 250. In addition, on January 4, 2023, the Konnektive Defendants moved for evidentiary sanctions against Plaintiff, reporting that Plaintiff had spoliated her cell phone. *See* ECF No. 254. The Quick Box Defendants joined the Konnektive Defendants' motion. ECF No. 255. Plaintiff also recently moved for terminating sanctions against the Quick Box Defendants and moved to compel production of class member contact information. ECF Nos. 263, 277, 285.

1   and red-lined Second Amended Complaint ("SAC"), seeking permission to add additional

2   parties Lieu, Phong Ngo ("Ngo"), Marc Evans ("Evans"), and Rocket as defendants, and

3   "reflect a post-suit name change by Konnektive Corporation to Converging Resources

4   Corporation." *See* Mot. to Amend at 5.

5          In response to the filing of the Motion to Amend, the Quick Box Defendants and

6   Konnective Defendants (collectively "Defendants") filed an ex parte application to extend

7   the Court's class certification briefing schedule pending the resolution of the Plaintiff's

8   Motion to Amend. *See* ECF No. 244. On November 23, 2022, the Court granted the ex

9   parte application to set the class certification briefing schedule after the Court rules on

10  Plaintiff's pending Motion to Amend. *See* ECF No. 248. On the same day, Defendants filed

11  an Opposition ("Opposition") to the Motion to Amend. ECF No. 249. Plaintiff filed a Reply

12  ("Reply") to the Motion to Amend on December 1, 2022. ECF No. 251.

13  **II.   LEGAL STANDARD**

14         If a scheduling order's deadline for amendment to the pleadings has passed, a party

15  seeking leave to amend must first satisfy the "good cause" standard of Federal Rule of

16  Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good

17  cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" is a non-

18  rigorous standard that has been construed broadly. *Ahanchian v. Xenon Pictures, Inc.*, 624

19  F.3d 1253, 1259 (9th Cir. 2010). Rule 16(b) "primarily considers the diligence of the party

20  seeking the amendment." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715

21  F.3d 716, 737 (9th Cir. 2013) (citation omitted). "[T]he focus of the Rule 16(b) inquiry is

22  upon the moving party's reasons for seeking modification . . . if that party was not diligent,

23  the inquiry should end." *Id.* (internal quotation marks and citation omitted).

24         If the moving party successfully shows good cause exists under Rule 16, the moving

25  party must next demonstrate the amendment is proper under Rule 15(a). Under Rule 15(a),

26  when the time has passed for amendment as a matter of course, "a party may amend its

27  pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ.

28  P. 15(a). "The court should freely give leave when justice so requires." *Id.* The Ninth

Circuit has stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, of these considerations, "it is the consideration of prejudice to the [non-moving] party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III.   ANALYSIS

### A.   Plaintiff's Motion for Leave to Amend the First Amended Complaint

Plaintiff seeks leave to file a SAC for the following purposes: (1) to add Kiet Lieu, Phong Ngo (a.k.a. "Punky" Ngo), Marc Evans, and Rocket Management Group, LLC as defendants to this action; and (2) to reflect a post-suit name change by "Konnektive Corporation" to "Converging Resources Corporation." *See* Mot. to Amend at 5. Defendants oppose on the grounds that Plaintiff's proposed amendments are untimely, prejudicial, and futile. *See* Oppo. at 2–3. The Court addresses each of Plaintiff's proposed amendments in turn.

### 1.   Addition of Lieu, Ngo, Evans, and Rocket as Defendants

As an initial matter, the Court determines whether Plaintiff satisfies the "good cause" standard of Rule 16 in seeking leave to amend. Plaintiff contends that the scheduling order deadline for seeking leave to amend never "passed" because a new scheduling order with a deadline for leave to amend was never issued after the stay was lifted. *See* Mot. to Amend at 20; Reply at 3.

On August 23, 2021, the Court issued an amended scheduling order requiring the parties to file any motions to add parties and amend pleadings on or before November 1, 2021. *See* ECF No. 188. The case was then stayed on October 29, 2021. ECF No. 194. After the stay was lifted, the Court issued new scheduling orders further extending the dates

for discovery and class certification filing. *See* ECF Nos. 213, 239. These scheduling orders, however, did not modify the deadline to amend pleadings or join other parties. *See generally* ECF Nos. 213, 239. Therefore, in Plaintiff's view, Rule 16 would not apply to her Motion to Amend.

The Court finds, however, that Plaintiff's Motion to Amend is still governed by Rule 16. Although none of the scheduling orders issued after the stay was lifted addressed the prior deadlines for amending pleadings or joining parties, it appears that none of the parties ever requested a continuance to the scheduling order for the deadline to amend and add parties. *See generally* Docket. Plaintiff states that the parties discussed modifying the deadline with Magistrate Judge Daniel E. Butcher before this case was transferred to Magistrate Judge David D. Leshner on August 16, 2022, but the docket shows the parties only filed motions requesting modifications of discovery deadlines and class certification motions deadlines. *See* ECF No. 238 (parties filed a joint motion to modify the class certification schedule on November 1, 2022). Additionally, the action was stayed on October 29, 2021, or *three days* before the November 1, 2021 deadline to amend pleadings or join parties. *See* ECF No. 194. Moreover, by the time Plaintiff filed the Motion to Amend on November 2022, the stay had already been lifted for eight months.

As such, it is clear from the surrounding circumstances and the parties' frequent filings in this action that the parties' counsel could have filed a motion to set a new deadline to file motions to add parties or amend pleadings after the stay was lifted and failed to do so. The deadline to amend pleadings or join other parties passed, and Plaintiff's Motion to Amend was filed after the deadline for amending pleadings. Accordingly, Plaintiff is required to demonstrate good cause under Rule 16.

### a. Diligence

Rule 16, "primarily considers the diligence of the party seeking the amendment." *In re Western States*, 715 F.3d at 737. Thus, the question is whether Plaintiff was sufficiently diligent in seeking to amend the complaint upon discovering new information. *See id.*

Plaintiff argues that she was diligent in filing her amended complaint because the identities of the proposed defendants were previously unknown.[3] *See* Mot. to Amend at 19. According to Plaintiff, Defendants made "highly unusual efforts to hide any and all information from the Plaintiff for as long as possible." *Id.* at 21. Defendants counter that Plaintiff was first put on notice of Lieu and Rocket when the Defendants filed their third-party complaints, naming Lieu and Rocket as third-party defendants, on April 21, 2021.[4] *See* ECF Nos. 136, 142.

The filing of Defendants' third-party complaints naming Lieu and Rocket as third-party defendants was sufficient to put Plaintiff on notice of the potential defendants' liabilities. Additionally, contrary to Plaintiff's assertions that "Defendants were doing everything to hide the names of those Does," Plaintiff first issued a notice for the deposition of Lieu on July 16, 2021. *See* ECF No. 249-1, Ex. 1. Lieu's deposition commenced on May 31, 2022 and continued on July 14, 2022. *Id.* at Exs. 2, 3. Therefore, Lieu's depositions were completed nearly four months before Plaintiff filed her Motion to Amend. The Court recognizes that there have been numerous discovery issues in this action and Plaintiff "was

---

[3] Plaintiff also cites frequently to the Court's prior order in another case, *Krause-Pettai et al v. Unilever United States, Inc., et al*, in which this Court granted the plaintiff's motion for leave to file a third amended complaint. *See* Mot. to Amend at 20–22; *see also Krause-Pettai et al v. Unilever United States, Inc., et al*, 20-cv-1672-AGS-BLM, ECF No. 51. The motion for leave to amend in *Krause-Pettai* is distinguishable from the Motion to Amend here in many ways, but specifically, in *Krause-Pettai*, the plaintiff sought leave to amend to add new class members after learning two class members were unable to participate in the litigation. Although the plaintiff in *Krause-Pettai* filed leave to amend nearly three months after learning a substitution was needed and after the scheduling order deadline, the amount of time seemed reasonable considering the time required to identify and interview potential class members. Additionally, *Krause-Pettai* was in a much earlier stage of litigation than the action here, where Plaintiff's deadlines for class certification and related discovery had already passed before Plaintiff filed the Motion to Amend.

[4] According to the Plaintiff's proposed SAC, Ngo is allegedly a partner at Rocket, and Evans allegedly acted as a consultant to Lieu and Ngo.

7

forced to serve four separate notices to ultimately take [Lieu's] deposition," but Plaintiff failed to account for the four months between the completion of Lieu's deposition and the filing of the instant Motion to Amend. *See* Mot. to Amend at 8.

Moreover, Plaintiff indicated that she planned to seek leave to amend to add Rocket and Lieu as defendants in filings as early as May 27, 2022. *See* ECF No. 211 at 2 ("Plaintiff will be seeking leave to amend and currently expects to add at least Rocket Management Group, LLC and Kiet Lieu as Defendants."). Nonetheless, Plaintiff failed to seek leave to amend until five to six months later on November 4, 2022. The fact that Plaintiff stated she planned to seek leave to amend to add Rocket and Lieu in her filings in May 2022 and did not seek to amend the complaint until November 2022 demonstrates a clear lack of diligence. *See Mammoth Recreations*, 975 F.2d at 609 ("Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence."); *see also Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002) (the diligence inquiry focuses on the time between the moving party's discovery of facts and its filing of leave to amend). As such, Plaintiff fails to demonstrate her diligence in filing the Motion to Amend. Therefore, Plaintiff fails to establish "good cause" for modifying the scheduling order deadline under Rule 16.

### b.    Prejudice

Plaintiff's lack of diligence alone is a sufficient basis to deny the Motion to Amend, but the Court also concludes that the proposed amendments would prejudice Defendants. *See Eminence Capital,* 316 F.3d at 1052.

Defendants contend that the proposed additional parties were "notably identified by the Quick Box and Konnektive Parties and known to Plaintiff long ago." Oppo. at 2. Defendants argue that Plaintiff delayed in seeking these additions and if Plaintiff is "allowed to add the allegations regarding other products, Plaintiff will attempt to use them to improperly manipulate the scope of discovery in this case." *Id.* at 10. Plaintiff states that Defendants will suffer no prejudice because the Court has the power to alter or decertify

the class, and because Plaintiff has suffered more than Defendants from discovery disputes. *See* Mot. to Amend at 9, 21, 27.

Granting Plaintiff leave to amend after Plaintiff's delay in seeking amendment would cause prejudice to Defendants. Plaintiff had the opportunity to seek leave to amend the complaint prior to filing a motion for class certification. As previously mentioned, Plaintiff stated that she anticipated seeking leave to amend to add Kiet and Rocket in filings as early as May 27, 2022. *See* ECF No. 211 at 2. This was almost six months before filing the motion for class certification, but it is unclear and unexplained why Plaintiff did not seek leave to amend earlier.

Additionally, allowing Plaintiff to amend would reopen discovery and extend the remaining deadlines, including deadlines for class certification, dispositive motions, and trial, to create further delay in a case filed approximately two years ago. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("Allowing [the plaintiff] to advance different legal theories and require proof of different facts at this stage in the litigation would have prejudiced [the defendant].") (internal quotation marks omitted). Defendants would suffer substantial prejudice if leave to amend were to be granted. Thus, the Court finds that Plaintiff has failed to establish good cause under Rule 16.

Lastly, the Court observes that Defendants consented to "Plaintiff's filing of an amended pleading that excludes Paragraphs 227-229, 232-247, 875, 921, and 922-929 . . . particularly now that the certification proceedings have been stayed." Oppo. at 11. As stated above previously, Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend a complaint with the opposing parties' written consent and without seeking the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). However, because the scheduling order's deadline for amendment to the pleadings has passed, Plaintiff must first show good cause exists under Rule 16 before a court may consider whether amendment is proper under Rule 15(a). *See* Fed. R. Civ. P. 16(b)(4). As discussed above, Plaintiff failed to satisfy the good cause standard under Rule 16. As such, the inquiry ends before the Court may consider

whether an amended pleading under Rule 15(a) is proper. *See Mammoth Recreations*, 975 F.2d at 609; *In re Western States*, 715 F.3d at 737.

In sum, the Court denies Plaintiff's Motion to Amend as to the addition of Lieu, Ngo, Evans, and Rocket as potential defendants in this action.

### 2.    Post-Suit Name Change of Konnektive Corporation

Next, Plaintiff seeks to file a SAC to reflect a post-suit name change of Defendant "Konnektive Corporation" to "Converging Resources Corporation."[5] Mot. to Amend at 5. Plaintiff alleges that "Konnektive Corporation" is now the prior name of "Converging Resources Corporation." ECF No. 240-3 ¶ 19. Defendants do not oppose Plaintiff's request. *See generally* Oppo. Good cause appearing, the Court grants Plaintiff's request to correct Defendant Konnektive Corporation's name in the action. The Court shall direct the Clerk to reflect the change in Konnektive Corporation's name to "Converging Resources Corporation" on the docket. Therefore, the Court grants in part Plaintiff's Motion to Amend as to the post-suit name change of Defendant Konnektive Corporation.

### B.    Plaintiff's Motion for Leave to File Documents Under Seal

Lastly, Plaintiff seeks leave to file under seal unredacted versions of the Motion to Amend; Exhibits 11-14, 16-20, and 26-28 of the Motion to Amend; and a redlined version of her proposed SAC. *See* ECF No. 241. Plaintiff's Motion to Seal is predicated on the Defendants and third parties' designation of documents produced during discovery as "CONFIDENTIAL" pursuant to the operative protective order in this action. *See id.* at 2; *see also* ECF No. 230 at 2. Plaintiff states that she was required to file these documents under seal pursuant to the operative protective order, but that she does not actually want permission to file the Motion to Amend and corresponding documents under seal. ECF No. 241. Rather, Plaintiff is seeking relief from the requirements of the protective order such

---

[5] Plaintiff only appears to be requesting the defendant's name be corrected to a different name. As such, the Court construes Plaintiff's Motion to Amend as to the post-suit name change as a motion to correct.

that these documents may be filed publicly. *See generally id.* Defendants did not file a response to Plaintiff's Motion to Seal. *See generally* Docket.

The Court first notes that Plaintiff has filed multiple motions to seal in this action requesting similar relief. *See* ECF Nos. 230, 258, 264. In the Court's March 2, 2023 Order, Magistrate Judge David D. Leshner previously denied two of Plaintiff's motions to seal because Plaintiff did not demonstrate compelling reasons to seal the motions and failed to narrowly tailor her sealing requests. *See* ECF No. 273. Judge Leshner also noted that Plaintiff failed to provide the Court with full briefing on her motions to seal. *See id.* at 4.

Here, Plaintiff offers the exact same justifications and reasons she provided in her other motions to seal. *See* ECF Nos. 230, 258, 264. Specifically, as with Plaintiff's other motions to seal, Plaintiff incorporates by reference a previously filed motion to seal and stated that "for the same reasons articulated in that motion, the materials in this motion as well should not be required to be filed under seal." *See* ECF No. 241 at 2 (referring the Court to Plaintiff's filing of ECF No. 230); *see also* ECF No. 258 at 2; ECF No. 264 at 2. As previously stated in Judge Leshner's March 2, 2023 Order, Plaintiff is once again "reminded that in seeking relief from the Court, it is her responsibility to provide the Court with the legal and factual bases in support thereof." *See* S.D. Cal. CivLR 7.1.f.

Further, the Court finds, again, that the information contained in Plaintiff's Motion to Amend and its corresponding documents are not subject to sealing under the governing standards of the Ninth Circuit, which require a party seeking to seal a judicial record to bear the burden of overcoming the strong presumption of access. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Plaintiff does not satisfy either standard here. "The party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005). "That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Id.* Here, Plaintiff only generally refers to documents in her sealing request and does not discuss the underlying documents or information in any particularized way. *See* ECF No. 241 at 2; ECF No. 230 at 2. Plaintiff also fails to offer specific demonstration of fact or concrete examples of the way that disclosure would harm Plaintiff. *See* ECF No. 241 at 2; ECF No. 230 at 2.

Additionally, Plaintiff only cites to the protective order as justification for sealing portions of the Motion for Leave to Amend and its corresponding documents. *See generally* ECF No. 241; ECF No. 230. However, "[t]he existence of a stipulated protected order is not enough, standing alone, to justify sealing under [even the more permissive] the 'good cause' standard." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Therefore, the Court denies Plaintiff's Motion to Seal.

**IV.   CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that:

1.      Plaintiff's Motion to Amend as to the addition of four (4) new defendants, Kiet Lieu, Phong Ngo (a.k.a. "Punky" Ngo), Marc Evans, and Rocket Management Group, LLC, is **DENIED**;

2.      Plaintiff's Motion to Amend as to the post-suit name change of "Konnektive Corporation" to "Converging Resources Corporation" is **GRANTED**[6];

---

[6] The filing of a Second Amended Complaint is unnecessary. Plaintiff even states that she refers to the defendant "by its prior name, 'Konnektive Corporation' throughout the [proposed] Second Amended Complaint." See ECF No. 240-3 ¶ 19. The First Amended Complaint will remain the operative complaint in this action, and the Clerk's Office shall update the docket in this matter to reflect the defendant's name change.

3.      The Clerk is directed to reflect Defendant Konnektive Corporation's name change to "Converging Resources Corporation" on the docket;

4.      Given the Court's ruling on Plaintiff's Motion to Amend, a new class certification briefing schedule is to follow;

5.      Plaintiff's Motion to Seal is **DENIED**; and

6.      Within seven (7) days of the issuance of this Order, Plaintiff shall file on the public docket unredacted copies of ECF Nos. 240, 240-2, and 240-3.

**IT IS SO ORDERED.**

Dated:  June 14, 2023

_____

Honorable Linda Lopez
United States District Judge