# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>　　　　　　　　　　Defendants.<br><br>CHAD BIGGINS,<br><br>　　　　　　　　　　Cross Claimant,<br><br>v.<br><br>LA PURA DEFENDANTS and JOHN DOES 1-10, as defined in Plaintiff's First Amended Complaint,<br><br>　　　　　　　　　　Cross Defendants. | Case No.:  20cv1082-LL-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS AND TO RE-FILE DOCUMENTS UNDER SEAL [ECF No. 320];**<br><br>**(2) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL [ECF No. 339]; AND**<br><br>**(3) DENYING MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS AND TO RE-FILE DOCUMENTS UNDER SEAL AS MOOT [ECF No. 341]**<br><br>**[ECF Nos. 320, 339, 341]** |

1  Before the Court is Defendants Converging Resources Corp. (formerly known as
2  Konnektive Group), Konnektive LLC, Konnektive Rewards LLC, Kathryn Martorano, and
3  Matthew Martorano ("Konnektive Defendants") and Defendants Quick Box LLC, Stephen
4  Adele, Chad Biggins, and James Martell's ("Quick Box Defendants") (and collectively
5  "Defendants") Motion to Remove Incorrectly Filed Documents and to Re-File Documents
6  Under Seal. ECF No. 320, Motion to Remove Incorrectly Filed Documents and to Re-File
7  Documents Under Seal ("Motion to Remove and Re-File Under Seal"). Defendants also
8  filed a duplicate Motion to Remove and Re-File Under Seal.[1] *See* ECF No. 341. In addition,
9  the Konnektive Defendants filed a related Motion to Seal. ECF No. 339. No oppositions
10 have been filed. *See generally* Docket. For the reasons stated below, the Court **GRANTS**
11 Defendants' Motion to Remove and Re-File Under Seal [ECF No. 320], **GRANTS** the
12 Konnektive Defendants' Motion to Seal [ECF No. 339], and **DENIES** the Defendants'
13 duplicate Motion to Remove and Re-File Under Seal as **MOOT** [ECF No. 341].

## I.   LEGAL STANDARD

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). When a party seeks to seal a filing that is more than tangentially related to the underlying merits of a case, the movant must show compelling reasons for overcoming the presumption in favor of public access. *Id.* at 1101. Filings that are unrelated or only tangentially related to the merits may be sealed upon a showing of good cause. *Id.* at 1097. Courts must consider "the public interest in understanding the judicial process and whether disclosure of the material could result in

---

[1] It is unclear why Defendants filed a duplicate motion a month after filing the first Motion to Remove and Re-File Under Seal, but, in the future, Defendants should refrain from submitting duplicate filings and await the Court's rulings.

improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995) (citation omitted). An order sealing documents should be narrowly tailored to serve those compelling reasons. *See Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 513 (1984)).

Additionally, pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

## II.   DISCUSSION

Defendants' Motion to Remove and to Re-File Under Seal seeks to: "(1) remove incorrectly e-filed documents containing information designated as by non-party Mastercard as confidential pursuant to the Amended Protective Order and replace them with copies redacting the information designated as confidential and (2) re-file unredacted copies the documents containing confidential information under seal." ECF No. 320 at 2. Specifically, Defendants seek to remove and re-file Defendants' Opposition to Plaintiff's Motion for Class Certification [ECF No. 311], and Exhibit A [ECF No. 312-1], Exhibit B [ECF No. 312-2], and Exhibit C [ECF No. 312-3] attached to the Declaration of Christopher Queally in support of the Defendants' Opposition [ECF No. 312]. *Id.* at 8.

Further, the Konnektive Defendants' Motion to Seal seeks to seal the following portions of Defendant Kathryn Martorano's Motion for Summary Judgment: (1) the Memorandum of Points and Authorities in support of Defendant Kathryn Martorano's Motion for Summary Judgment; (2) the Separate Statement of Undisputed Material Facts; (3) Exhibit A to the Declaration of Matthew Martorano, a report prepared by MasterCard transmitted to Konnektive LLC; and (4) the deposition transcript of third party witness

David Press attached as Exhibit E to the Declaration of Christopher B. Queally. *See* ECF No. 339 at 5.

First, on motions for class certification, Defendants contend that the good cause standard should apply because "the evaluation of merits of the underlying dispute is not a particularly relevant consideration when determining whether class certification is appropriate." ECF No. 320 at 7. However, this Court and many courts in the Ninth Circuit have found that documents relating to class certification are more than tangentially related to the merits of the case. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (citing cases). "[A] class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claim.' " *McCurley v. Royal Seas Cruises, Inc.*, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) and finding the compelling reasons standard applies in deciding whether to seal filings in a motion for class certification). Accordingly, the Court applies the compelling reasons standard to the Defendants' Motion to Remove and Re-File Under Seal.

Second, on motions for summary judgment, this Court and other courts have applied the compelling reasons standard, "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.' " *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, the Court also applies the compelling reasons standard to the Konnektive Defendants' Motion to Seal.

Here, Defendants seek to seal documents related to an "internal Mastercard report that outlines Mastercard's Franchise Management Program ("FMP") service provider review of Konnektive, LLC, a Customer Relationship Management company used by merchants and a service provider in the Mastercard ecosystem." ECF No. 320 at 2; *see also* ECF No. 320-1, Declaration of Christopher B. Queally in Support of Defendants' Motion

to Remove and Re-File Under Seal ("Queally Decl. to Motion to Remove and Re-File") ¶ 4; ECF No. 339 at 2; ECF No. 339-1, Declaration of Christopher B. Queally in Support of the Konnektive Defendants' Motion to Seal ("Queally Decl. to Motion to Seal") ¶ 4. Defendants state that the report "reflects MasterCard's internal impressions relating to the FMP review, the analysis by MasterCard, the methods of how it gathers data, and the evaluations it performs." ECF No. 320 at 2–3; *see also* Queally Decl. to Motion to Remove and Re-File ¶ 5; ECF No. 339 at 2–3; Queally Decl. to Motion to Seal ¶ 5. Additionally, according to MasterCard, the report was designated as "CONFIDENTIAL" because "public disclosure of this report or reports like it could be detrimental to the integrity of the FMP review process, as other entities subject to review could attempt to use information from other investigations to influence a subject investigation." ECF No. 320 at 3; *see also* Queally Decl. to Motion to Remove and Re-File ¶¶ 5, 11; ECF No. 339 at 2–3; Queally Decl. to Motion to Seal ¶ 5.

The Court finds that Defendants have shown compelling reasons to support the sealing of the material related to the internal MasterCard report that outlines MasterCard's FMP service provider review. Courts have found that a party's privacy interest in such business records outweighs the public's interest in access. *See Nixon*, 435 U.S. at 598; *see also Adtrader*, 2020 WL 6387381, at *2 (finding compelling reasons to seal confidential business information related to how a business operates, its internal policies, and its internal strategic business and financial decision-making); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3–4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal business reports and internal data). Moreover, Defendants' requests are narrowly tailored to seal only the confidential business information related to MasterCard's FMP review procedure and review of Konnektive, LLC. *See Ervine*, 214 F. Supp. 3d at 919. Therefore, the Court **GRANTS** Defendants' Motion to Remove and Re-File Under Seal and **GRANTS** the Konnektive Defendants' Motion to Seal.

### III.  CONCLUSION

For the reasons stated above, the Court **ORDERS** the following:

1. Defendants' Motion to Remove Incorrectly Filed Documents and to Re-File Documents Under Seal [ECF No. 320] is **GRANTED**. The Clerk of Court is instructed to remove the publicly filed and unredacted copies of Defendants' Opposition to Plaintiff's Motion for Class Certification [ECF No. 311], and Exhibit A [ECF No. 312-1], Exhibit B [ECF No. 312-2], and Exhibit C [ECF No. 312-3] attached to the Declaration of Christopher Queally in Support of the Defendants' Opposition [ECF No. 312]. Additionally, the Clerk of Court is instructed to replace the removed items with redacted copies of Defendants' Opposition to Plaintiff's Motion for Class Certification, and Exhibit A, B, and C attached to the Declaration of Christopher Queally in Support of the Defendants' Opposition. The redacted copies can be found in the attached exhibits of the Declaration of Christopher Queally in Support of the Motion to Remove Incorrectly Filed Documents and to Re-File Documents Under Seal [ECF Nos. 320-2, 320-3, 320-4, 320-5]. Further, the unredacted copies of Defendants' Opposition to Plaintiff's Motion for Class Certification, and Exhibits A, B, and C attached to the Declaration of Christopher Queally in Support of the Defendants' Opposition, shall also be sealed.

2. The Konnektive Defendants' Motion to Seal [ECF No. 339] is **GRANTED**. The Clerk of Court is instructed to file the currently sealed lodged proposed Motion for Summary Judgment of Kathryn Martorano under seal. Further, on or before **January 11, 2024**, the Konnektive Defendants shall file unredacted copies of: (1) the Memorandum of Points and Authorities in support of Defendant Kathryn Martorano's Motion for Summary Judgment; (2) the Separate Statement of Undisputed Material Facts; (3) Exhibit A to the Declaration of Matthew Martorano, a report prepared by MasterCard transmitted to Konnektive LLC; and (4) the deposition transcript of third party witness David Press attached as Exhibit E to the Declaration of Christopher B. Queally.

///
///
///
///

3. Defendants' duplicate Motion to Remove Incorrectly Filed Documents and to Re-File Documents Under Seal [ECF No. 341] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated:  December 27, 2023

_____
Honorable Linda Lopez
United States District Judge