UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNE TAN, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>QUICK BOX, LLC, et al.,<br><br>          Defendants<br><br>―――――――――――――――――――<br><br>AND RELATED CROSSCLAIMS AND THIRD-PARTY CLAIMS. | Case No.: 20cv1082-LL-DDL<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF Nos. 350, 398] AND DENYING MOTION TO SEAL AS MOOT [ECF No. 351]** |

On June 12, 2020, Plaintiff Leanne Tan filed a putative consumer fraud class action against alleged operators of an online "free trial" scam. ECF No. 1. On January 7, 2021, Plaintiff filed the First Amended Complaint ("FAC"), which remains operative. ECF No. 89. Plaintiff alleges Defendants fraudulently lured her, and other consumers like her, into purchasing a monthly installment of La Pura skin care products by offering "free samples" of the products. FAC, ¶¶ 8–12. Despite assurances Plaintiff would only have to pay the nominal costs of shipping the sample, she alleges Defendants charged her the full price for the product, along with ongoing installment payments. *Id.*, ¶¶ 110–121.

Plaintiff names the La Pura Defendants, who allegedly operated the deceptive offer; the Quick Box Defendants, who allegedly facilitated the offer through fulfillment services and other services; and the Konnektive Defendants, who allegedly facilitated the offer through the provision of software and other services. *Id.*, ¶¶ 14–89. On October 14, 2022, Plaintiff filed a motion for class certification, which this Court granted on January 12, 2024. ECF Nos. 229, 378, 391.

Plaintiff and the Quick Box Defendants reached a settlement in the interim, and the Court granted their joint motion to vacate the Quick Box Defendants' discovery deadlines until the Court grants final approval of their settlement. ECF Nos. 330, 332. On October 31, 2023, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement ("Motion") with the Quick Box Defendants. ECF No. 350. This includes the Settlement Agreement dated and signed by Plaintiff and the Quick Box Defendants in October 2023, including its eight exhibits ("Settlement Agreement"). ECF No. 350-4, at 30–104.

Plaintiff simultaneously moved to file documents under seal, or alternatively for relief from the Court's protective order, in support of her Motion. ECF Nos. 351, 352. Finding those documents filed under seal unnecessary to the Court's ruling on this Motion, that motion to seal is **DENIED AS MOOT**.

Plaintiff lodged additional information in support of her Motion and notified the appropriate federal and state officials and agencies of her preliminary settlement with the Quick Box Defendants. ECF Nos. 356, 361. On February 14, 2024, Plaintiff moved to modify her Motion by proposing additional language to the Settlement Agreement's three notice exhibits to better inform the class about possible costs and fees to be deducted from the common fund. ECF No. 398, at 2–3.

The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. Having considered the unopposed Motion, applicable law, and Settlement Agreement, the Court **GRANTS** Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including her unopposed modification.

The Court hereby finds and orders as follows:

## I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The court's responsibility at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *See* Manual for Complex Litigation, Fourth § 21.632 (FJC 2004). If "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" then preliminary approval the settlements should granted. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation, Second § 30.44 (FJC 1985)).

"Settlements reached with the help of a mediator are likely non-collusive." *Barbosa v. MediCredit, Inc.*, No. EDCV 14–00063–VAP (SPx), 2015 WL 1966911, at *6 (C.D. Cal. May 1, 2015) (citing *Satchell v. Fed. Express Corp.*, Nos. C03–2659 SI, C 03–2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.")). In addition to this Court's Early Neutral Evaluation before Judge Butcher on June 30, 2021, Plaintiff and the Quickbox Defendants mediated before former Magistrate Judge Leonidas Papas on December 15, 2022 (which included ongoing discussions through January 2023) and before Jill Sperber on August 3, 2023 (along with ongoing discussions afterward). *See* ECF No. 350, at 10. These serious and informed efforts over years of litigation ultimately led both sides to agree to a mediator's proposal. *Id*. The Court therefore finds this settlement to be the product of non-collusive, arm's-length negotiations.

"[S]ettlement avoids the risks of extreme results on either end, *i.e.*, complete or no recovery. Thus, it is plainly reasonable for the parties at this stage to agree that the actual recovery realized, and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, No. 09–CV–

1786–L (WMc), 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). This settlement provides a substantial monetary benefit to the Class: $5.5 million, which is 85.9% of the estimated actual damages in this case, and if trebled, 28.6% of those damages. *See* ECF No. 350, at 22. Other courts in this Circuit have approved amounts in the range of or less than this settlement. *See, e.g.*, *Nguyen v. Radient Pharm. Corp.*, No. SACV 11-00406 DOC(MLGx), 2014 WL 1802293, at *3 (C.D. Cal. May 6, 2014) (describing a settlement of "roughly 25.8 percent of the maximum provable damages" as "an excellent recovery"); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (describing a recovery of roughly 16.67% of the maximum damages as "fair and adequate"). This, coupled with the risk of continued litigation that could prove to be difficult, expensive, time-consuming, and possibly fruitless, conveys a settlement having no obvious defects with just one of the defendant groups, namely the Quick Box Defendants.

"Although [the Ninth Circuit] ha[s] approved incentive awards for class representatives in some cases, [it has instructed] district courts to scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." *Radcliffe v. Experian Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). There, the court questioned but did not determine "whether class representatives could be expected to fairly evaluate awards ranging from $26 to $750 is a fair settlement value when they would receive $5,000 incentive awards." *Id.* at 1165. The Ninth Circuit in *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015) revealed that it examines the following factors when evaluating incentive awards: "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." *Id.* at 947 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)). Plaintiff intends to apply for a Class Representative Service Award, which Plaintiff's Counsel states will be in line with Ninth Circuit authority and subject to this Court's final approval. *See* ECF No. 350, at 30; ECF No. 350-4, at 52.

Accordingly, the terms of the Settlement Agreement dated and signed by Plaintiff and the Quick Box Defendants in October 2023, including its eight exhibits and later

modification to three notice exhibits to better inform the class about possible costs and fees to be deducted from the common fund ("Settlement Agreement"), are preliminarily approved as fair, reasonable, and adequate; are sufficient to warrant sending notice to the Settlement Class; and are subject to further consideration at the Final Approval Hearing referenced below. Unless otherwise noted, capitalized terms have the meaning given to them in the Settlement Agreement and terms defined in the Settlement Agreement have the same meanings in this Order.

The Settlement Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of experienced mediators. The Court preliminarily finds that this Settlement complies with the class action requirements of Federal Rule of Civil Procedure 23. Further, the Court finds that the Settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II.   THE CLASS, CLASS REPRESNTATIVES, AND CLASS COUNSEL

The Court conditionally certifies the following Settlement Class for settlement purposes only ("Settlement Class"). The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All consumers in the United States who, during the Class Period, were billed for products sold, shipped, or caused to be sold or shipped by any of the Defendants under the La Pura, La'Pura, La' Pura or LaPura or any similar brand name, including any La Pura Product marketed or otherwise promoted by Rocket Management Group.
> Excluded from the Settlement Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns,

or any members of their immediate family; (ii) any government entity; (iii) The Quick Box Parties and any entity in which The Quick Box Parties have a controlling interest, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt out of the Settlement Class.

The Court designates Plaintiff LeAnne Tan as Class Representative.

The Court further finds that the following counsel fairly and adequately represented, and continue to so represent, the interests of the Settlement Class in all regards, including for settlement purposes and hereby appoints them as counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g): Kevin Kneupper, Esq., and A. Cyclone Covey, Esq., Kneupper & Covey PC, 17011 Beach Blvd., Ste. 900 Huntington Beach, CA 92647-5998.

All proceedings in this Action as to the Settling Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

If the Settlement Agreement is not finally approved by the Court, or for any reason

the Final Judgment and Order Approving Settlement is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then: (a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding; (b) The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically and the Action shall proceed as though the Settlement Class had never been certified; (c) Nothing contained in this Order is to be construed as a presumption, concession or admission by or against any Defendant or Class Representatives of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action; (d) Nothing in this Order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and (e) All of the Court's prior Orders having nothing whatsoever to do with class certification or the Settlement Agreement shall, subject to this Order, remain in force and effect.

### III.   NOTICE TO CLASS MEMBERS

The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfy the Constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed Settlement and their rights and deadlines (including any Supplemental Claim Deadline) under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice as described in the Class Notice Plan and the methodology for its

publication and dissemination as described in the Settline Agreement and in the Declaration of the Settlement Administrator in all respects, and it hereby orders that notice be commenced within **forty-five (45) days** of this Order.

The Court further approves the establishment of an internet website for the Settlement. This Settlement Website shall include documents relating to the Settlement Agreement, orders of the Court relating to the Settlement Agreement and such other information as Class Counsel and Defendant's Counsel mutually agree would be beneficial to potential Class Members. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice and other terms of the Settlement Agreement.

The Court hereby appoints Epiq Class Action and Claims Solutions to be the Settlement Administrator. Responsibilities of the Settlement Administrator are found in the Settlement Agreement.

## IV. REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

Class Members who wish to be excluded from the Settlement Class must mail a written request for exclusion, using the form available on the Settlement Website, or with a letter mailed to the Settlement Administrator received no later than **fourteen (14) days** before the date first set for the Final Approval Hearing. A request for exclusion may also be submitted online at the Settlement Website. Any request for exclusion must be signed by the potential Class Member and contain the following information: the name, address, and telephone number of the Class Member; basis upon which the person claims to be a Class Member; the Class Member's signature and date of signature; and a statement that the Class Member wants to be excluded.

Potential Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the settlement, or the Final Judgment and Order Approving Settlement. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement.

Not later than **three (3) days** after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of timely Requests for Exclusion. Defendant's Counsel shall file this list with the Court prior to the Final Approval Hearing.

Any potential Class Member that does not properly and timely exclude himself/herself/itself from the Settlement Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement and the Final Judgment and Order Approving Settlement, whether or not such Class Member objected to the Settlement Agreement or submits claim form or otherwise avails himself/herself/itself of the benefits available in the Settlement Agreement.

No later than **ten (10) days** before the date first set for the Final Approval Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, and an Affidavit attesting to the accuracy of the opt-out list.

## V.   OBJECTIONS

Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of attorneys' fees, costs, and expenses, or the requested service awards to the Class Representatives, must submit a written statement of objections to the Court either by mailing or by filing it at any location of the United States District Court for the Southern District of California. The written objection must be filed or mailed and received no later than **fourteen (14) days** before the date first set for the Final Approval Hearing.

To be considered by the Court, any objection must be in writing and include the following information: (a) a heading which refers to the case name and number (*Tan v. Quick Box, LLC*, Case Number 3:20-cv-01082); (b) the objector's full name, telephone number, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel, and whether counsel will appear at the Final Approval Hearing; (d) all of the reasons for the

objection; (e) an explanation of the basis upon which the person claims to be a Class Member; and (f) the objector's dated, handwritten signature (an electronic signature or attorney's signature are not sufficient). Any documents supporting the objection must also be attached to the objection. If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection. For mailing objections, the Court's address is as follows: Clerk of Court, United States District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101.

The Court will require substantial compliance with the requirements above. If the objector does not submit a written objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the Settlement.

## VI. FINAL APPROVAL HEARING

The Final Approval Hearing will be held on **January 6, 2024, at 2:00 P.M**. Pacific Time before this Court, at the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, to consider, inter alia, the following: (a) whether the Settlement Class should be certified for settlement purposes; (b) whether the settlement and Settlement Agreement should be finally approved as fair, reasonable, and adequate; and (c) Class Counsel's application for attorneys' fees, costs and expenses ("Fee Request") and the Class Representative's service awards.

No later than **thirty-five (35) days** prior to the Final Approval Hearing, Class Counsel shall file and Defendant may file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement and also no later than **forty-five (45) days** prior the Final Approval Hearing, Class Counsel shall file any request for attorneys' fees and expenses with the Court. Any reply briefs relating to final approval of the Settlement Agreement or Class Counsel's request for attorneys' fees and expenses or responses to objections to the Settlement Agreement shall be filed no later than **seven (7)**

**days** prior the Final Approval Hearing.

Any Class Member who has not excluded himself/herself/itself from the Settlement Class may appear at the Final Approval Hearing in person or by counsel (at his/her/its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlement Agreement and/or the fee request. Any Class Member wanting to be heard at the Final Approval Hearing shall send a letter saying that it is his/her/its "Notice of Intention to Appear in *Tan v. Quick Box, LLC*." Such letter shall be mailed to the Clerk of Court and received on or before **seven (7) days** prior to the date first set for the Final Approval Hearing. In the notice, the Class Member must include his/her/its name, address, and telephone number, and the name, address, and telephone number of counsel, if any, that will appear. For mailing notices of intent to appear, the Court's address is as follows: Clerk of Court, United States District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101.

The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website.

## VII.   OTHER PROVISIONS

The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement,

to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED.**

Dated:  September 9, 2024

Honorable Linda Lopez
United States District Judge